**UNITED STATES of America,
Appellee,**

v.

**David JACKSON, Jr., Appellant.**

**No. 11637.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 6, 1967.

Decided Dec. 4, 1967.

John Wishart Campbell, Lumberton, N. C. (Court-appointed counsel), for appellant.

William S. McLean, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on brief), for appellee.

Before SOBELOFF, BRYAN and WINTER, Circuit Judges.

SOBELOFF, Circuit Judge:

The single issue before the court is whether the trial judge erred in admitting evidence discovered during a search of Jackson when he was brought to the jail of Robeson County, North Carolina.

The facts are simple and uncontroverted. On the morning of January 2, 1967, the police of Rowland, North Carolina, were alerted to a 1965 burgundy

Mustang with three male passengers who had been observed switching the car's license plates. Shortly thereafter, a car answering this description was stopped for speeding, and the driver, appellant Jackson, was arrested. A second police officer, arriving at the scene, observed through the open car door, a bag of firecrackers. The defendant and his two companions were thereupon charged with the possession of fireworks, illegal under North Carolina law.

A search of the car was then commenced, but due to the heavy traffic, Jackson, his companions, and the vehicle were all removed to the local police station. Within the hour, after the defendants had been booked, police resumed their search of the car and found, among other things, a customer's copy of a receipt for a purchase of gasoline on an Amoco credit card bearing the name Harry Yoss. Later that afternoon, a search of the appellant at the county jail turned up four credit cards, concealed in defendant's underwear, including the Amoco card which had been used in the gasoline purchase.

The receipt evidencing the gasoline purchase was not admitted,[1] but the prosecution was permitted over objection to introduce the credit cards.[2] The contention made on behalf of the defendant was that the search at the jail had been prompted by the discovery of the gasoline purchase receipt during the earlier illegal search, and that consequently the evidence discovered in the search of the person was tainted and should also have been excluded. The defendant now claims that because of the admission of the cards, he was forced, on cross-examination, to admit that he had used the cards illegally, an admission highly prejudicial to him in the eyes of the jury.

The record, however, fully supports the trial judge's finding that the search at the jail had not been precipitated by the earlier search. The validity of the arrest itself is not disputed. The jailer routinely searches every arrested person, and there is nothing to suggest that the search of Jackson differed in any way from that conducted on every other prisoner. The evidence discovered can therefore be traced to an independent legal source, and was properly admitted. Wayne v. United States, 115 U.S.App. D.C. 234, 318 F.2d 205 (1963); Leek v. State of Maryland, 353 F.2d 526 (4th Cir. 1965); United States v. Radford, 361 F. 2d 777 (4th Cir. 1967).

The judgment of the District Court is Affirmed.

---

1. On the legality of the search of the car at the police station, the trial judge stated:

"* * * the Court is of the opinion that the fact of the contraband [the firecrackers] may have justified a search of this vehicle at the police station at a different time and place from the arrest. * * *

In view of the facts and under the circumstances of this case, the search of the * * * Mustang at the police station presents a very close question * * *; and, therefore, the Court sustains the defendants' motion and the evidence with respect to the facts of the search and the results of the search of the vehicle at the police station after the arrest of the defendants while they were being held in custody, is sustained."

2. After Jackson's arrest, the police discovered that the automobile had been stolen. The appellant and one of his passengers were then indicted and tried for knowingly transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312. It is from his conviction of this offense that Jackson appeals.