Per Curiam.

Defendant having been validly arrested and taken to the police station, it was proper for the police to require him, when he was booked, to empty his pockets of their contents. This is standard and necessary police practice and is in accord *139 anee with the regulations adopted by the State Commission of Correction pursuant to the provisions of subdivision 7-a of section 46 of the Correction Law. Under the circumstances, the seizure of marijuana, which was in an unsealed envelope removed from defendant’s person, was not the product of an unlawful search. (See Cotton v. United States, 371 F. 2d 385; United States v. Jackson, 387 F. 2d 115.)
The order should be unanimously reversed on the law and facts and motion to suppress evidence denied.
Concur — Hogan, P. J., Coyle and G-ulotta, JJ.
Order reversed, etc.