Shirley R. Levittan, J.
Defendant was arrested under the loitering statute for soliciting alms in the subway, an offense *735 (Penal Law, § 240.35, subd. 7). After his arrest, the police officer “ patted him down ” and then ordered him to empty his pockets — which defendant did, revealing possession of a hypodermic instrument in violation of section 220.45 of the Penal Law. Defendant moved to suppress the said instrument as having been seized as the result of a search contrary to his constitutional rights. After a hearing, the motion to suppress is denied.
Concededly, the arrest was made contemporaneously and it was obviously a legal one and not a pretext to search (see Preston v. United States, 376 U. S. 364). The rules governing the propriety of searches and seizures apply to arrests for violations as well as for misdemeanors and felonies (Carroll v. United States, 267 U. S. 132; People v. Barnes, N. Y. L. J., June 3, 1964, p. 16, col. 3; People v. Lopez, N. Y. L. J., May 18, 1965, p. 17, col. 5). Indeed, an arrest for loitering, if based on reasonable cause, has been squarely held a proper occasion for an incidental search under the old Penal Law (People v. Quinones, N. Y. L. J., Dec. 3, 1965, p. 16, col. 5). The change in nomenclature in the new Penal Law which delineates such illegalities as violations was not intended to change this result and render such arrests invulnerable to an incidental search. The cases relied on by defendant which prohibit such a search where the underlying arrest is for a traffic infraction (People v. Marsh, 20 N Y 2d 98; People v. Coleman, 24 N Y 2d 1005) are sui generis and should not be extended to nontraffic offenses.
Wholly aside from the fact that here a search for the fruits of the offense out of which the original arrest arose i.e., the alms — was within the arresting officer’s competence, it is clear that in this day of attacks on police, often by means of palmed razor blades which a mere “ frisk ” could not reveal, the officer for his own protection had the right to ask defendant to empty his pockets. Such a simple order when a defendant is being booked — and the resultant limited and cursory search, if search it be — have been adjudicated to he proper (People v. Vasquez, 57 Misc 2d 138). 'Certainly, they are no less so because the order was given at the time of arrest by the arresting officer.