No. 40,050

THE STATE OF KANSAS, ex rel. W. R. MATHEWS, County Attorney, *Appellant*, v. CLEO EASTIN and FLOYD EASTIN, *Appellees*.

(297 P. 2d 170)

Opinion filed May 5, 1956.

John Anderson, Jr., attorney general, *Paul E. Wilson*, assistant attorney general, *W. R. Mathews*, county attorney, of Winfield, and *George E. Sybrant*, deputy county attorney, of Arkansas City, were on the briefs for the appellant.

George Templar, Earle N. Wright, and Ted M. Templar, all of Arkansas City, were on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action for injunction instituted by the state of Kansas on the relation of the county attorney of Cowley county for alleged violation of the Cereal Malt Beverage Act. The case was submitted to the trial court on its merits, which made findings of fact and conclusions of law and entered judgment for defendants. The state appeals and asserts that the judgment of the trial court was contrary to the evidence. The pertinent facts may be briefly stated:

Defendant Floyd Eastin was the holder of a cereal malt beverage license issued under the provisions of the Cereal Malt Beverage Act (G. S. 1949, and G. S. 1955 Supp., ch. 27, art. 41), and operated the Blue Ribbon Inn in Cowley county. Defendant Cleo Eastin, his wife, was one of his employees. The State sought to enjoin defendants from maintaining an alleged common nuisance based on the ground that defendants delivered and sold cereal malt beverages to certain individuals who were intoxicated, and permitted them to remain on the premises in an intoxicated condition.

Subsequent to the entry of judgment by the trial court in favor

of defendants, and after the appeal was taken to this court by the state, the county attorney filed a motion to dismiss the appeal in this court as to the defendant Floyd Eastin for the reason that he was then deceased, and the State did not deem it practical or proper to revive the appeal against the personal representative of the deceased. The State's motion was sustained by this court and the action was dismissed as to defendant Floyd Eastin, February 2, 1956.

We are first confronted with defendant Cleo Eastin's motion to dismiss on the ground that the appeal is moot, and that by reason of the changed circumstances, this court's decision on the question presented would be of no consequence to the issues involved in the court below.

The rule is that an injunction is not an appropriate action to obtain relief for past or completed acts but operates only *in futuro* to prevent later acts. (28 Am. Jur., Injunctions, §§ 5, 7; *Andeel v. Woods*, 174 Kan. 556, 258 P. 2d 285.)

The license issued to defendant Floyd Eastin under the Cereal Malt Beverage Act was a statutory privilege inuring solely to his benefit, which license was not transferrable (Sec. 41-2702). Defendant Cleo Eastin had no rights under the license except as a mere employee of her husband. Upon the death of the defendant Floyd Eastin, his cereal malt beverage license terminated, together with all rights and privileges thereunder.

When it clearly appears by reason of changed circumstances between the trial of an action and its review in this court that any judgment this court renders would be unavailing as to the particular issue litigated, this court ordinarily will not consider and decide the mooted issue, whether one of law or fact, and where only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue, this court will not, on appeal, review the merits, nor consider the granting of a new trial in such a case after it has become impossible to have a new trial in the same case. (*Dick v. Drainage District No. 2*, 175 Kan. 869, 267 P. 2d 494; *Asendorf v. Common School District No. 102*, 175 Kan. 601, 607, 266 P. 2d 309; *Andeel v. Woods*, supra; *Dickey Oil Co. v. Wakefield*, 153 Kan. 489, 111 P. 2d 1113.)

The rule that this court will not on appellate review decide a moot question in a situation where it cannot make its judgment effective

has been applied not only in cases pertaining to private controversies but in those actually involving the public interest. (*Andeel v. Woods*, supra.)

It follows that the appeal is dismissed.