No. 41,935

C. E. GRAVES, REX BISHOP and DAVID W. THOMPSON, Partners, d/b/a GRAVES DRUG STORE No. 11, Arkansas City, Kansas, *Appellees,* v. THE STATE BOARD OF PHARMACY OF THE STATE OF KANSAS, *Appellant.*

(362 P. 2d 66)

Opinion filed May 13, 1961.

*Erle W. Francis,* special assistant attorney general and attorney for State Board of Pharmacy, argued the cause, and *William M. Ferguson,* attorney general, *Robert E. Hoffman,* assistant attorney general, and *M. F. Litras,* of counsel, were with him on the briefs for the appellant.

*Robert M. Bond,* of El Dorado, argued the cause, and *George Templar, Earl N. Wright* and *Ted M. Templar,* of Arkansas City, and *L. J. Bond,* of El Dorado, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: Plaintiffs Graves, Bishop and Thompson, doing business as Graves Drug Store No. 11, Arkansas City, appellees herein, held drug store permit No. 2725, renewal No. 483. Under date of March 26, 1958, the State Board of Pharmacy, defendant (appellant), hereinafter referred to as the board, issued its order revoking plaintiffs' permit and renewal (G. S. 1957 Supp., 65-1627), effective April 6, 1958.

On April 1, before the revocation became effective, plaintiffs filed their petition in the district court of Butler county against the board, under the provisions of G. S. 1957 Supp., 65-1628, seeking the vacation, modification or reversal of the order of revocation and a stay of execution of said order pending hearing of the cause on its merits. The petition set forth various errors on the part of the board in making its order, which are not pertinent herein. On April 5, the trial court, under the provisions of section 65-1628, issued the following stay order:

"4/5/58. Stay of execution of order revoking drug store permit No. 2725 and renewal No. 483 granted until case is heard on its merits. Set for trial May 12, 1958 at 9:00 a.m."

Issues were joined prior to the date set for hearing, but the case was continued from time to time at the request of the parties. Permit No. 2725 and renewal No. 483, the board's revocation of which was stayed by the trial court, expired by their terms June 30, 1958 (G. S. 1957 Supp., 65-1645). The board issued to plaintiffs a new drug store permit, or renewal, which expired by its terms June 30, 1959, and at that time another permit, or renewal, was issued until June 30, 1960.

On October 8, 1959, plaintiffs moved for judgment on the ground that the questions in issue in the action were moot. On November 16, 1959, the trial court, in sustaining plaintiffs' motion for judgment, found that plaintiffs' action was filed April 1, 1958; that a hearing was held April 5, when trial was set for May 12; that by

agreement of the parties the case was continued without date, and that the March term of court had ended June 9, 1958, which had given the parties sufficient time for a hearing before the permit expired by its own terms on June 30. The court further found that a new permit, or renewal, had been issued until June 30, 1959, when another renewal became effective. It further found that under section 65-1628 the board could have refused to issue the renewal which became effective June 30, 1958, or could have refused to issue the renewal which became effective June 30, 1959; that permit No. 2725 and renewal No. 483 expired by their own terms on June 30, 1958, and that the question in the case was moot. Judgment was entered for plaintiffs, from which order defendant appeals.

Plaintiffs assert that the original permit and renewal revoked by the board expired by their own terms, and contend that the subsequent action of the board in issuing new permits rendered all questions in issue moot.

Defendant contends that the stay order entered by the lower court had the force and effect of an injunction and the board therefore had no alternative but to issue the renewals of the permit and renewal previously revoked.

G. S. 1957 Supp., 65-1645 provides in part that all permits shall expire June 30 following the date of issuance, and shall be renewed annually. There is no statute which requires the board to issue a permit or grant a renewal for an annual period. The person seeking the same must take affirmative action as provided by statute (G. S. 1957 Supp., Ch. 65, Art. 16), and there is no provision therein for the automatic extension or renewal of a permit. Each renewal permit is given a number distinct and separate from that of the preceding one. It is obvious the trial court did not stay or prevent the board from taking whatever action concerning the issuance of a new permit, or renewal, it deemed advisable.

We find no merit in defendant's contention. The trial court merely ordered the stay of execution of the order revoking permit No. 2725 and renewal No. 483 until the case could be heard. Under the provisions of section 65-1628, the board could have refused to issue a new permit, or renewal. No order was issued with reference to defendant's issuing a new permit, or renewal, under the statute. The stay order was not an injunction and it did not have the force and effect of such. Section 65-1627, which provides for revocation of permits, states that the board may, for

the reasons listed therein, revoke any permit, and that any permit which has been revoked under any of the provisions of the act may be reinstated by the board.

It is to be observed that the permit and the renewal, the revocation of which gave rise to this action, had, by their terms, expired June 30, 1958, and were no longer effective. The plaintiffs were, at and prior to the time the trial court entered its judgment, operating their drug store under a new permit, or renewal, granted by defendant board. When it clearly appears that by reason of changed circumstances between the filing of an action and the trial thereof any judgment the trial court might render would be unavailing as to the particular issue presented, the case is moot and judicial action ceases. (*Dick v. Drainage District No. 2*, 175 Kan. 869, 267 P. 2d 494; *State, ex rel., v. Eastin*, 179 Kan. 555, 297 P. 2d 170, and cases cited therein.) When the only relief sought and the need for that relief has ceased to be a justiciable issue, ordinarily this court, on appeal, will not consider or decide the mooted issue, whether one of law or fact. (*Dickey Oil Co. v. Wakefield*, 153 Kan. 489, 111 P. 2d 1113; *Epperson v. Department of Inspections & Registration*, 147 Kan. 762, 78 P. 2d 850; *State, ex rel., v. Eastin*, supra.)

Inasmuch as the question in issue was moot, the trial court had no authority to enter any judgment other than a dismissal of the action. The judgment of the trial court is affirmed.

It is so ordered.