**AETNA LIFE INSURANCE COMPANY,**
Plaintiff,

v.

**Marge BOWEN et al., Defendants.**

Civ. A. No. 17210–3.

United States District Court
W. D. Missouri, W. D.

June 23, 1969.

Roland C. Spradley, Kansas City, Mo., for plaintiff.

John C. Milholland, Harrisonville, Mo., for defendant Marge Bowen.

Richard F. Adams, of Slagle & Bernard, Kansas City, Mo., for defendant Marilyn J. Bowen.

ORDER DENYING DEFENDANT MARGE BOWEN'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BECKER, Chief Judge.

This is an action of interpleader filed by plaintiff Aetna Life Insurance Company under Section 1335, Title 28, U.S. C., involving the proceeds of a group life insurance policy, No. 53160, insuring the deceased, Richard H. Bowen. The defendants are the insured's widow, his divorced ex-wife, the children of the former marriage and the clerk of the Saline County, Kansas, District Court, to whose registry plaintiff had been ordered by that court to pay the proceeds of the policy.

The complaint alleges that on or about December 30, 1966, the deceased insured stipulated with defendant Marilyn J. Bowen, his former wife, "that he would keep certain life insurance, including the life insurance under plaintiff's group policy No. 53160, in effect on his life and would designate and maintain as beneficiaries of said insurance his minor children, defendants Laura Leslie Bowen, Joseph Harvey Bowen, and Suzanne Bowen"; that the stipulation was "ap-proved" by the District Court of Saline County, Kansas, on February 24, 1967; that in January 1967, deceased "by Designation of Beneficiary card delivered to plaintiff did designate defendants Laura Leslie Bowen, Joseph Harvey Bowen and Suzanne Bowen as beneficiaries of his insurance under group policy No. 53160"; that "on or about September 24, 1968," the District Court of Saline County, Kansas, issued a temporary restraining order restraining deceased and his employer from altering the existing life insurance policy No. 53160; that a subsequent order and decree of that court entered "on or about" September 27, 1968, ordering deceased not to change the beneficiary of said policy, declaring any attempt to change such policy to be null, void and of no effect, and that any proceeds paid to deceased during his lifetime should be paid to the clerk of that court; that on September 26, 1968, deceased executed a new designation of beneficiary under group policy No. 53160 whereby he designated defendant Marge Bowen, his wife, as beneficiary, which designation card was received by plaintiff on September 30, 1968; and that deceased died on or about December 15, 1968.

Defendant Marge Bowen, by her motion filed March 25, 1969, now moves the Court for a summary judgment in her favor, contending that, under Kansas law, the restraining order had no retrospective effect;[1] that the execution of the designation of beneficiary card by deceased was accomplished on September 20, 1969, as witnessed by one Joyce Stetler both on the card and by her uncontroverted affidavit filed with the motion, and that the stipulation plead by defendant, as incorporated into the final decree of divorce did not, as plaintiff originally alleged,[2] state that deceased would "designate and maintain as beneficiaries" of the insurance policy here

---

1. Defendant Marge Bowen cites State ex rel. Matthews v. Eastin, 179 Kan. 555, 297 P.2d 170, 171, as supporting this proposition.

2. By amended complaint filed January 1, 1969, plaintiff has changed its allegation in this regard to comport with paragraph 5 of the stipulation.

sued upon his minor children, but rather stated at paragraph 5:

"It is mutually agreed by the parties that the defendant may convert or change his life insurance which he now has in force but will keep $15,-000.00 as a minimum on his life with the minor children of the parties as the beneficiary of the same * * *"

Defendant Marge Bowen's contentions with regard to the last fact are borne out by certified copies of the court order. Consequently, she contends that "[t]here is no bona fide issue of fact; the documents and documentary positions are clear and the undisputed facts show the defendant Marge Bowen is entitled to judgment declaring her entitled to said insurance fund as a matter of law."

 Movant, however, admits in her suggestions that if "in fact * * * decedent had stipulated and agreed and it was a part of the divorce decree that decedent had agreed to keep *plaintiff's group policy of insurance in force* with Laura Leslie Bowen, Joseph Harvey Bowen and Suzanne Bowen *named as beneficiaries* * * * then under the authority of Tivis v. Hulsey [148 Kan. 892, 84 P.2d 862] the minor defendants would have a valid claim to the proceeds." (Emphasis claimant's.) It is not clear from the divorce decree and the stipulation incorporated therein, which reads as quoted above, that such was the intention of the parties in making that agreement. The crucial paragraph is ambiguous. It is not clear whether it means that deceased might "convert or change" life insurance which he then has in force, except $15,000.00 thereof, which must be kept in force with his minor children as beneficiaries, or whether it reflects an intention that deceased might "convert or change" all and later begin to maintain policies totaling $15,000.00, in which his children should be named beneficiaries. Further, if the former alternative was intended (as would at this point seem entirely plausible, because of the use of the word "keep") the factual question remains whether the policy here litigated was intended to be part of the $15,000.00 worth of insurance which could not be changed (as could be reasonably inferred, in view of its admitted existence at the time of the divorce decree, though not at the time of the making of the stipulation). There is, thus, a "latent ambiguity" in the stipulation and divorce decree which is in issue here. A latent ambiguity exists when "the particular words, in themselves clear, apply equally well to two (or more) different objects." University City, Mo. v. Home Fire & Marine Ins. Co. (C.A.8) 114 F.2d 288. When such an ambiguity appears, extrinsic evidence is admissible to show the real intent of the parties. Queen Ins. Co. of America v. Meyer Milling Co. (C.A.8) 43 F.2d 885. When the extrinsic facts are in dispute, the question of intent becomes a question of fact. Mutual Benefit Health & Accident Ass'n v. Hobbs (C.A.8) 186 F.2d 321. The extrinsic facts may be in dispute here. It is not conclusively shown what policies of deceased were in existence throughout the time of the disputed intent. And there is some indication that defendant Marilyn Bowen had intended, in agreeing to the stipulation, that it refer to the policy here in question. When a document is ambiguous, it creates a genuine issue of material fact which cannot be determined on a motion for summary judgment. Severson v. Fleck (C.A.8) 251 F.2d 920; Socony Mobil Oil Co. v. Humble Oil & Refining Co. (C.A.9) 387 F.2d 115. The movant for a summary judgment has the burden of demonstrating clearly that there is no genuine issue of material fact. Heyward v. Public Housing Administration (C.A.5) 238 F. 2d 689; United States Gypsum Co. v. Greif Bros. Cooperage Corp. (C.A.8) 389 F.2d 252. Movant has not clearly demonstrated the absence of such issue here, and therefore her motion for summary judgment should be denied.

 Plaintiff has also moved for summary judgment, to be discharged thereby and granted its reasonable attorneys' fees herein. Defendant Marge

**1397**

Bowen has resisted plaintiff's motion, contending that plaintiff must show its "clean hands" in view of her contention that plaintiff created "sham" issues herein by originally alleging that the stipulation and decree provided otherwise than they actually did, when such provisions were a matter of public record, and that the designation of beneficiary card was executed later than it actually was, when that fact was a matter of plaintiff's own records. Good faith is a requirement for the recovery of attorneys' fees in interpleader cases. Cf. Paul Revere Life Ins. Co. v. Riddle (E.D.Tenn.) 222 F.Supp. 867. Defendant Marge Bowen's allegations have raised genuine issues of fact with regard to plaintiff's good faith in bringing this action, regardless of its merits as they are finally proved in this Court. It is therefore

Ordered that defendant Marge Bowen's motion for summary judgment be, and the same is hereby, denied. It is further

Ordered that plaintiff's motion for summary judgment be, and the same is hereby, denied.