No. 48,747

STATE OF KANSAS, *Appellee,* v. MILTON W. CHOENS, *Appellant.*

(580 P.2d 1298)

Opinion filed July 15, 1978.

*Olin Stansbury,* of El Dorado, argued the cause and was on the brief for the appellant.

*Geary N. Gorup,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found Milton W. Choens (defendant-appellant) guilty of involuntary manslaughter (K.S.A. 21-3404). Various grounds for reversal are asserted on appeal.

The Kansas Court of Appeals affirmed the trial court in *State v. Choens,* (case No. 48,747, unpublished opinion filed December 23, 1977). We granted a petition for review based upon our opinion of *State v. Makin,* 223 Kan. 743, 576 P.2d 666 (1978). Our opinion in *Makin* was filed April 1, 1978; thus, the Court of Appeals was not aware of that decision at the time it made its ruling.

The facts are not seriously in dispute. On April 3, 1976, an automobile driven by the appellant struck a car driven by Lucille Gray on the Landfill Road located just outside El Dorado, Kansas. Oscar M. Gray, a passenger in the car, sustained extensive injuries to his oral cavity and died the next day of cardiac failure. The

pathologist who performed the autopsy, Dr. Soon E. Kim, testified the cause of death was heart failure induced by aspiration of blood.

The state's information charged the following:

"That in Butler County, Kansas, on or about the 3rd day of April, 1976, MILTON W. CHOENS did unintentionally kill a human being, to-wit: Oscar M. Gray, without malice, while in the commission of an unlawful act not amounting to a felony, to-wit: driving left of center, K.S.A. 8-1514, and/or speeding, K.S.A. 8-1336, by colliding with a vehicle occupied by Oscar M. Gray. (K.S.A. 21-3404; K.S.A. 21-4501(e))"

*No wantonness was alleged.*

At the trial the appellant contended the accident resulted from a blowout of his left front tire. Robert B. Lehnherr, deputy sheriff of Butler County, Kansas, testified it was his opinion the appellant's speed exceeded 70 miles per hour based upon interviews, skidmarks, and tests run to compute speed at the scene of the accident. He stated the tire flattened on impact with the Gray vehicle and did not blow out.

Miss Gray testified she was driving approximately 35 miles per hour when she saw the appellant's car coming directly toward her. She said she tried to get to a ditch in order to avoid a collision when the accident occurred. She further testified her father, a man 80 years of age, was in good health but had recently suffered from high blood pressure.

The trial court instructed the jury on both involuntary manslaughter and vehicular homicide following the language of PIK, Criminal §§ 56.06 and 56.07 (Revised). The jury found the appellant guilty of involuntary manslaughter. The Court of Appeals held: The trial court did not abuse its discretion (1) in allowing Robert B. Lehnherr to give his opinion as to the speed of the appellant's vehicle immediately prior to the impact; (2) in excluding evidence of the prior posted speed limit; and (3) in finding sufficient evidence to support the verdict.

On appeal to this court the appellant first contends that *State v. Makin,* supra, should be applied retroactively to all involuntary manslaughter cases pending at the time the decision was rendered on April 1, 1978. We agree.

While no criminal case in Kansas deals specifically with the retroactive-prospective application of a later overruling decision, various civil cases discuss the issue at length. (*See Vaughn v. Murray,* 214 Kan. 456, 521 P.2d 262 [1974]; *see also Kansas City*

*Millwright Co., Inc. v. Kalb,* 221 Kan. 658, 670, 562 P.2d 65 [1977]; *Carroll v. Kittle,* 203 Kan. 841, 457 P.2d 21 [1969]; and *Crigler v. Shepler,* 79 Kan. 834, 101 Pac. 619 [1909].) Suffice it to say the arguments for retroactive application are adequately presented in these cases, and it would serve no useful purpose to restate them here.

As a general rule a conviction is not considered final until the judgment of conviction has been rendered, the availability of an appeal has been exhausted, and the time for any rehearing or final review has passed. (*State v. Heath,* 222 Kan. 50, 54, 563 P.2d 418 [1977] and cases cited therein.) In the present case the appellant's conviction was appealed to this court from the lower court for final review on March 31, 1978, and the rules enunciated in *Makin* directly apply. Objections to instructions on involuntary manslaughter and vehicular homicide by counsel for the appellant at the trial were sufficient to keep the question open.

The appellant next questions whether the jury had adequate instructions on wanton conduct or gross negligence necessary to find him guilty of involuntary manslaughter. He contends it was error for the jury to be instructed on involuntary manslaughter without first being told that wanton conduct or gross negligence is a necessary element under *Makin.* Here the trial court instructed:

"The defendant is charged with the crime of involuntary manslaughter. To this charge the defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant unintentionally killed Oscar M. Gray.

"2. That it was done while in the commission of one or more unlawful acts, to-wit: driving upon the left half of the roadway and/or speeding.

"3. That this act occurred on or about the 3rd day of April 1976, in Butler County, Kansas."

The jury was also instructed on vehicular homicide.

In *Makin* we held:

". . . [I]n the field of unintentional homicide by operation of a motor vehicle, the specific statute, vehicular homicide (K.S.A. 21-3405), is concurrent with and controls the general statute on involuntary manslaughter (K.S.A. 21-3404) except where the acts of the accused constitute wanton conduct (gross negligence). Accordingly, the issue in all such cases where the charge is involuntary manslaughter becomes whether or not the conduct of the defendant was grossly negligent. In virtually all cases, then, vehicular homicide would be a lesser included offense of involuntary manslaughter and the jury should be instructed thereon." (p. 748.)

"Wanton conduct" as used in *Makin*, is intended to be "wanton conduct" as defined in K.S.A. 21-3201(3). Accordingly, the PIK Criminal instruction on involuntary manslaughter found at § 56.06 requires revision in accordance with this statement.

Wanton conduct or gross negligence was not in issue here. Thus, contrary to *Makin* the jury was given the opportunity to find the evidence established the crime of involuntary manslaughter without being instructed that wanton conduct or gross negligence was a necessary element of that crime.

Finally, the appellant asserts the evidence was insufficient to support the verdict of involuntary manslaughter. Our court indicated in *Makin* whether the necessary elements are present to constitute wantonness must depend upon the facts and circumstances of each particular case. Because wanton or gross conduct was never an issue in this case, the parties did not present the case to resolve this issue, and the jury was never given an opportunity to consider the point.

Therefore, the judgment is reversed and the case is remanded for a new trial.