No. 65,502

STATE OF KANSAS, *Appellee*, v. HOWARD R. LUFT, *Appellant*.

(811 P.2d 873)

Opinion filed May 24, 1991.

*Michael S. Holland*, of Russell, argued the cause and was on the brief for appellant.

*Dennis J. Keenan*, special prosecutor, of Great Bend, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, Howard R. Luft, from his conviction by a jury of aggravated vehicular homicide, contrary to K.S.A. 1990 Supp. 21-3405a.

Luft raises a number of issues concerning ineffective assistance of counsel. We need not reach those issues because *State v. Kelly*, 14 Kan. App. 2d 182, 786 P.2d 623 (1990), entitles the defendant to a new trial in this case.

Luft was arrested immediately following the one-vehicle accident that resulted in the death of Luft's passenger. The State

introduced the results of a blood alcohol test of Luft into evidence. The State concedes that Luft was not advised of his statutory rights pursuant to K.S.A. 1990 Supp. 8-1001(f).

The Kansas Court of Appeals originally held in *State v. Doeden*, 12 Kan. App. 2d 245, 738 P.2d 876, *rev. denied* 242 Kan. 904 (1987), that failure to give the warnings required by 8-1001(f) does not result in exclusion of the blood alcohol test results. This court, in *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 755 P.2d 1337 (1988), overruled that part of *Doeden* which held 8-1001(f) was directory and not mandatory. We held:

"The clear language of the statute indicates that the legislature intended to ensure that a person arrested for driving under the influence was made aware, by the required notice procedure, of his statutory rights. Those rights include the right to obtain independent testing of his blood alcohol level following testing by or under the direction of a law enforcement officer. K.S.A. 1985 Supp. 8-1004 both establishes this right to an independent test, and enforces compliance by law officers. It provides that if the law enforcement officer refuses to permit the person tested to obtain such additional testing, the results of the test administered under the direction of the officer are inadmissible in evidence.

"K.S.A. 1985 Supp. 8-1001(f)(2) states in part:

" 'It shall not be a defense to any prosecution [for driving under the influence] . . . that the person did not understand the written or oral notice *required* by this section . . . .' " (Emphasis added.)

See also similar language in K.S.A. 1985 Supp. 8-1002(c)(1)(B) and 8-1002(d)(3).

"The statute in question clearly requires that certain procedures shall be followed and certain notices shall be given to a defendant arrested for driving under the influence. K.S.A. 1985 Supp. 8-1001(f) was enacted as part of a comprehensive revision of the statutes pertaining to driving under the influence of alcohol or drugs. The language of the statute is clearly mandatory. For additional discussion of the distinction between mandatory and directory, as applied to statutes, see *Wilcox v. Billings*, 200 Kan. 654, 657, 438 P.2d 108 (1968); 2A Sutherland, Statutory Construction §§ 57.01-57.26 (Sands 4th ed. 1984); 73 Am. Jur. 2d, Statutes §§ 14-27. We conclude the notice provisions of K.S.A. 1985 Supp. 8-1001(f) are mandatory and not merely directory. The holding in *Doeden* to the contrary is overruled. The holding of the Court of Appeals in this case that the statute is directory and not mandatory is erroneous." *Barnhart*, 243 Kan. at 212-13.

We concluded, as did the Court of Appeals, that the law enforcement personnel had substantially complied with 8-1001(f) and affirmed Barnhart's conviction. Thus, this court never reached

the question whether the test results would have been suppressed for failure to give the statutory warning required by 8-1001(f).

That was the posture of the law when this case was tried. Sixteen days after Luft was convicted, the decision in *State v. Kelly* was announced. In *Kelly*, the question of whether the failure to give the mandatory statutory warnings would result in suppression of the results of the blood alcohol test was answered, and the Court of Appeals held: "Suppression of the results of the test administered by the State pursuant to K.S.A. 1987 Supp. 8-1001 and any evidence obtained following a request for counsel after the test is administered by the State is the proper remedy for violation of 8-1001(f)(1)(E)." 14 Kan. App. 2d 182, Syl. ¶ 3.

In *State v. Osbey,* 238 Kan. 280, 283, 710 P.2d 676 (1985), this court said:

"The present case falls within the procedure set out in *State v. Choens,* 224 Kan. 402, 580 P.2d 1298 (1978), which holds that a later overruling decision should be applied retroactively to all similar cases pending at the time the decision was rendered. A conviction is not considered final until the judgment of conviction has been rendered, the availability of an appeal has been exhausted, and the time for any rehearing or final review has passed. This court determined [the overruling decision] prior to the appeal in this case. The facts in this case are sufficiently similar to those in [the overruling decision], allowing Osbey to raise the issue on appeal."

Thus, the defendant in this case, Howard R. Luft, is entitled to a new trial with the results of the blood alcohol test suppressed.

As a result of the reversal, the remaining issues are moot. We call the trial court's attention to the Notes on Use to PIK Crim. 2d 56.07-A, which caution that the instruction must be accompanied by a definition of the proscribed act (driving while under the influence). Although not applicable on retrial, we draw the trial court's attention to K.S.A. 1990 Supp. 8-1567, which prohibits a person with an alcohol concentration of .10 from operating a motor vehicle.

Reversed and remanded for a new trial.