(22 P.3d 1077)
No. 85,208

BRETT S. ATEN, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee.*

Opinion filed May 4, 2001.

*Daniel C. Walter*, of Ryan, Walter & McClymont, Chtd., of Norton, for appellant/cross-appellee.

*Brian Cox*, of Kansas Department of Revenue, for appellee/cross-appellant.

Before RULON, C.J., KNUDSON, J., and WAHL, S.J.

RULON, C.J.: Plaintiff Brett Aten appeals the district court's affirmance of the administrative suspension of his driver's license for 1 year after finding that plaintiff had operated a motor vehicle under the influence of alcohol. We affirm.

The material facts are as follows:

In September of 1999, Kansas Highway Patrol Trooper Rob Istas noticed a vehicle cross over the center line of the highway and swerve back into the proper lane. After stopping the vehicle,

Trooper Istas confirmed the plaintiff was the driver and was under age 21.

Based on Trooper Istas' observations and the plaintiff's performance of the field sobriety tests, the plaintiff was arrested for driving under the influence of alcohol. Trooper Istas then read plaintiff the DC-70 form printed by the Kansas Department of Revenue (KDR), which includes both the general implied consent advisory and the advisory for drivers under the age of 21. The plaintiff consented to a breath test, which revealed a breath alcohol concentration of .113. Trooper Istas completed the test failure portion of the DC-27 form and mailed it to KDR. At trial, Trooper Istas testified the advisories were read prior to the administration of the breath test.

The plaintiff sought an administrative hearing regarding the officer's assessment that plaintiff had been driving under the influence of alcohol. After a hearing, the administrative officer found that Trooper Istas had possessed reasonable grounds to believe plaintiff was under the influence of alcohol, drugs, or both, and the plaintiff was arrested on those grounds. The hearing officer further found that plaintiff received the applicable implied consent advisories; the testing equipment was reliable; and the test result indicated plaintiff's breath alcohol concentration was above .08 percent.

Consequently, the hearing officer ordered the plaintiff's driving privileges suspended for 1 year. Ultimately, plaintiff filed the present action, alleging that Trooper Istas lacked reasonable grounds to believe the plaintiff was operating the vehicle under the influence of alcohol or drugs, and the officer failed to properly advise the plaintiff in a timely manner of the law governing implied consent.

Eventually, the district court found that Trooper Istas properly read both advisories as required by law and that, although the advisories might be confusing, plaintiff was not prejudiced by the officer's conduct. The district court stayed plaintiff's suspension pending appeal to this court.

As a preliminary matter, the defendant contends plaintiff's sole issue is not properly before this court on appeal. The defendant

asserts that plaintiff's argument, alleging the implied consent advisories are unconstitutionally vague, is raised for the first time on appeal and should not be considered. While the defendant states the general rule, see *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, 827-28, 888 P.2d 832 (1995), there is an exception to the rule where consideration of the issue is necessary to further justice or prevent the denial of fundamental rights. See *State v. Mincey*, 265 Kan. 257, 267, 963 P.2d 403 (1998). Because plaintiff's vagueness argument challenges the due process afforded to plaintiff, this court can properly consider the plaintiff's constitutional arguments, especially as those arguments are integrally related to arguments that were raised before the district court. See *State v. Dunn*, 233 Kan. 411, 418, 662 P.2d 1286 (1983). Unquestionably, one of the limited issues in administrative suspension cases is whether the appropriate advisories were given.

Prior to analyzing the appropriateness of the officer's conduct in this case, this court must determine whether the law requires only one of the advisories, or both, to be read. If an inappropriate advisory was given, the remedy is suppression of the test results. See *State v. Luft*, 248 Kan. 911, 913, 811 P.2d 873 (1991). The general implied consent advisory and the implied consent advisory for drivers under the age of 21 state the requirements of K.S.A. 2000 Supp. 8-1001 and K.S.A. 2000 Supp. 8-1567a. As we understand, the plaintiff's objection to the advisories is that the statutes are inconsistent. Interpretation of a statute is a question of law over which this court has unlimited review. See *Rose & Nelson v. Frank*, 25 Kan. App. 2d 22, 24, 956 P.2d 729, *rev. denied* 265 Kan. 886 (1998).

One of the fundamental principles of statutory construction is that the entire act in which a challenged provision lies must be considered in attempting to determine legislative intent. See *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997).

Examining the plain language of K.S.A. 2000 Supp. 8-1567a, the legislature clearly intended this statute to be read in conjunction with the existing provisions, including K.S.A. 2000 Supp. 8-1001.

K.S.A. 2000 Supp. 8-1567a provides in pertinent part:

"(b) Whenever a law enforcement officer determines that a breath or blood alcohol test is to be required of a person less than 21 years of age pursuant to K.S.A. 8-1001 . . . in addition to any other notices required by law, the law enforcement officer shall provide written and oral notice that: . . . (2) if the person is less than 21 years of age at the time of the test request and submits to and completes the test or tests and the test results show an alcohol concentration of .02 or greater, *the person's driving privileges will be suspended for one year.*" (Emphasis added.)

K.S.A. 2000 Supp. 8-1001(f)(1)(G) provides:

"Before a test or tests are administered under this section, the person shall be given oral and written notice that: . . . if the person is less than 21 years of age at the time of the test request and submits to and completes the tests and the test results show an alcohol concentration of .08 or greater, *the person's driving privileges will be suspended up to one year.*" (Emphasis added.)

We conclude the above statutes are not in conflict. K.S.A. 2000 Supp. 8-1567a was designed to cover conduct not previously covered in K.S.A. 2000 Supp. 8-1001 and K.S.A. 2000 Supp. 8-1567. K.S.A. 2000 Supp. 8-1567a does not discuss the applicable penalties for a person under the age of 21 who operates a vehicle with a breath or blood alcohol concentration exceeding .08 percent, but only discusses the penalties associated with a concentration of .02 to .08 percent. See K.S.A. 2000 Supp. 8-1567a (d), (f), and (h).

K.S.A. 2000 Supp. 8-1001 is designed to apply where the breath or blood alcohol concentration of any driver exceeds .08 percent, and K.S.A. 2000 Supp. 8-1567a is designed to apply to drivers under the age of 21 whose breath or blood alcohol concentration while operating a motor vehicle is between .02 and .08 percent.

Because an officer cannot determine, prior to testing, whether a driver under age 21 may be driving with a breath or blood alcohol concentration of .02 to .08 percent or if that driver may be driving with a breath or blood alcohol concentration greater than .08 percent, the officer is required to give implied consent advisories that cover both of these situations. Even though the provisions apply to different concentrations of alcohol, such provisions are not in conflict with one another.

Arguably, the penalties associated with the different administrative offenses appear to be incongruous in that a person under the

age of 21 seemingly may receive a suspension of less than 1 year for operating a vehicle with a breath or blood alcohol concentration exceeding .08 percent, while a person under the age of 21 who operates a vehicle with a breath or blood alcohol concentration of between .02 and .08 percent faces a mandatory suspension of 1 year. Appellate courts should not perform the function of a judicial blacksmith to change duly enacted legislation but, instead, seek to construe and implement the law as passed by the legislature. Here, the legislature enacted statutory provisions which permit the State to suspend the license of a driver under the age of 21 who has operated a vehicle with a breath or blood alcohol concentration exceeding .08 percent for "up to one year," while mandating a suspension of one year for a driver under the age of 21 who has a breath or blood alcohol concentration between .02 and .08 percent.

The applicable implied consent advisory forms promulgated by the Kansas Department of Revenue reflect the current status of the law. If the current status of the law does not reflect the intent of the legislature in enacting the 1999 amendments to 8-1001 and 8-1567a, future sessions of the legislature have the prerogative and the authority to alter the law to reflect such intent.

The plaintiff argues the inconsistencies inherent in the applicable statutory provisions are confusing, possibly leading a driver under the age of 21 to mistakenly believe that his or her license would be suspended for a shorter amount of time than 1 year. To the contrary, assuming an officer read both versions of implied consent advisories, any person under the age of 21 would be notified of the possibility of a 1-year suspension of his or her driving privileges.

Here, the plaintiff was not prejudiced by any incongruities within the statutes. A reasonable person cannot mistake the prohibited conduct under the statutes and may easily comprehend the maximum penalty for committing the proscribed conduct. The challenged statutory scheme is not unconstitutionally vague. See *DPR, Inc. v. City of Pittsburg*, 24 Kan. App. 2d 703, 717, 953 P.2d 231, *rev. denied* 264 Kan. 821 (1998) (citing *State v. Neighbors*, 21 Kan. App. 2d 824, 826, 908 P.2d 649 [1995]).

We conclude the district court did not err in rejecting the plaintiff's argument that he was impermissibly confused by the two implied consent advisories.

In a cross-appeal, the defendant contends plaintiff is estopped from raising confusion as a defense to administrative suspension because the plaintiff's version of the facts indicates the plaintiff was not read the advisories until after the test was conducted.

In light of the foregoing analysis, this issue is moot. See *Graves v. State Board of Pharmacy*, 188 Kan. 194, 197, 362 P.2d 66 (1961) (Ordinarily when the only relief sought and the need for that relief has ceased to be a justiciable issue, an appellate court will not consider or decide the mooted issue, whether one of law or fact).

Affirmed.