No. 121,373

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF COLBY,
*Appellee*,

v.

SCOT FOSTER,
*Appellant*.

SYLLABUS BY THE COURT

1.

Typically, the law in effect at the time of the criminal act controls.

2.

In order for breath tests obtained prior to July 1, 2018, to be admitted into evidence in a criminal trial, the person arrested was required to be notified of their statutory rights under K.S.A. 2017 Supp. 8-1001. Failure to do so requires the court to suppress the breath test results.

3.

Breath tests may be administered as a search incident to lawful arrest for drunk driving. After July 1, 2018, breath tests administered incident to an arrest can be admitted into evidence in a criminal trial regardless of whether the officer complied with the implied consent law.

Appeal from Thomas District Court; KEVEN BERENS, judge. Opinion filed July 17, 2020. Reversed and remanded.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

1

*Heather F. Alwin*, of Alwin Legal Services, of Colby, for appellee City of Colby.

Before ARNOLD-BURGER, C.J., WARNER, J., and LAHEY, S.J.

ARNOLD-BURGER, C.J.:  Scot Foster was arrested on suspicion of driving under the influence of alcohol. Law enforcement administered a breath-alcohol test on Foster before providing him with the implied consent notices located in K.S.A. 2017 Supp. 8-1001. At the district court, Foster moved to suppress the evidence of the breath test, in part, because of the lack of notice. The district court denied Foster's motion and he was found guilty of driving under the influence. Because we find that at the time of Foster's arrest officers were statutorily required to give him the implied consent advisories prior to requesting a breath test, regardless of whether a warrant is later obtained, the test results should have been suppressed.

Therefore, we reverse and remand to the district court for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

Foster pled guilty in the City of Colby (City) municipal court to driving under the influence (DUI) and transporting an alcoholic beverage. After being sentenced by the municipal court, Foster appealed to the district court for a trial de novo.

Prior to trial at the district court, Foster moved to suppress the evidence, including the breathalyzer results. At a hearing on the motion, Foster's attorney discovered that Officer Steven Nelson administered a breath test on Foster before providing him with implied consent advisories. Foster's attorney orally amended his motion and argued the evidence should be suppressed because the implied consent advisories were administered after the breath test was administered.

2

In a written order, the district court denied Foster's motion to suppress. Relevant to this appeal, the district court held that the officer was not required to provide the implied consent advisories. The court applied an amendment to K.S.A. 8-1001, effective July 1, 2018, to reach its conclusion. The amendment stated: "Nothing in this section shall be construed to limit the admissibility at any trial of alcohol or drug concentration testing results obtained pursuant to a search warrant or other judicially recognized exception to the warrant requirement." K.S.A. 2018 Supp. 8-1001(s). The court reasoned that Foster's breath sample was taken as a search incident to arrest—a judicially recognized exception to the warrant requirement.

After Foster's motion was denied, he stipulated to the facts and waived his right to a jury trial, instead opting for a bench trial. Foster stipulated:

"1. On May 6, 2018 at approximately 0154 hours Officer Steve Nelson of the Colby Police Department conducted a traffic stop in the 600 block of North Franklin, Colby, KS after the defendant ran a red light.

"2. After stopping defendant's vehicle the officer noticed indications of alcohol consumption and possible impairment and began a DUI investigation.

"3. At the conclusion of the DUI investigation the officer determined probable cause existed to arrest defendant for driving under the influence of alcohol and placed him under arrest.

"4. At the Thomas County Jail defendant was provided with his Implied Consent Advisories both orally and in writing after obtaining an evidentiary breath test.

"5. The Implied Consent Advisories used by the officer on this date were the most recent one available to the officer and were issued and noted as revision date February 26, 2016. The deputy properly followed the KDHE protocol for breath testing and administered the Intoxilyzer 9000 at 0251 hours on May 6, 2018, within three (3) hours of the last time defendant operated a motor vehicle in Thomas County, Kansas,

3

with the Intoxilyzer 9000 indicating a test result of 0.236 grams of alcohol per 210 liters of breath at 0316 hours.

"6. The parties stipulate and agree that the court in making its determination of guilt or innocence may also review the testimony and exhibits presented during the motion to suppress hearing previously conducted before the court, subject to the defendant's contemporaneous objection to preserve his appeal of the issues raised in his motion to suppress."

At the hearing on the motion to suppress, Officer Nelson testified that Foster told the officers as he was undergoing the field sobriety testing that they should "just . . . take him in for a test to see where it comes out." After he had been arrested, the officer offered to perform the breath test. Regardless, the additional testimony presented during the motion to suppress hearing showed Nelson did not provide Foster the implied consent advisories until after administering a breath test using the Intoxilyzer 9000.

At trial, the City dismissed the transportation of an alcoholic beverage charge. The district court found Foster guilty of DUI. Foster timely appealed to this court.

ANALYSIS

On appeal, Foster's only argument is that the district court erred by denying his motion to suppress because Officer Nelson administered the evidentiary breath test before providing the implied consent advisories.

When the material facts supporting a district court's decision on a motion to suppress evidence are not in dispute, the ultimate question of whether to suppress is a question of law over which an appellate court has unlimited review. *State v. Hanke*, 307 Kan. 823, 827, 415 P.3d 966 (2018).

Foster's argument centers on the version of K.S.A. 8-1001 in place at the time of his arrest—May 6, 2018. Under K.S.A. 2017 Supp. 8-1001(a), "[a]ny person who operates or attempts to operate a vehicle within [Kansas] is deemed to have given consent . . . to submit to one or more tests of the person's blood [or] breath . . . to determine the presence of alcohol and drugs." This implied consent allows law enforcement officers to request that an individual suspected of driving under the influence of alcohol or drugs submit to a test to determine whether the person is driving under the influence. See K.S.A. 2017 Supp. 8-1001(b).

When a law enforcement officer requests that an individual submit to testing under this section, the officer is required to provide certain notices. Specifically the statute requires that "[b]efore a test or tests are administered under this section, the person shall be given oral and written notice that . . . ." K.S.A. 2017 Supp. 8-1001(k). The statute then lists several provisions that the individual must be notified of, including notice that "the opportunity to consent to or refuse a test is not a constitutional right" and "there is no constitutional right to consult with an attorney regarding whether to submit to testing." K.S.A. 2017 Supp. 8-1001(k)(2)-(3). The statute also provides that "[i]t shall not be a defense that the person did not understand the written or oral notice *required* by this section." (Emphasis added.) K.S.A. 2017 Supp. 8-1001(r).

To bolster his argument, Foster relies on *State v. Luft*, 248 Kan. 911, Syl. ¶¶ 1-2, 811 P.2d 873 (1991), where the Kansas Supreme Court held that implied consent notice provisions found in K.S.A. 1990 Supp. 8-1001 were "mandatory and not merely directory" and that the "[f]ailure to inform the accused of the notice provisions of K.S.A. 1990 Supp. 8-1001(f) requires suppression of the results of the blood alcohol tests administered by the State."

In *Luft*, the defendant was arrested after a one-vehicle accident. A blood-alcohol test was administered and later admitted into evidence. However, the State conceded that

5

"Luft was not advised of his statutory rights pursuant to K.S.A. 1990 Supp. 8-1001(f)." 248 Kan. at 912. Luft was convicted and appealed, arguing that the result of his blood-alcohol test should be suppressed because he was not advised of his statutory rights. Under K.S.A. 1990 Supp. 8-1001(f)(1), Luft should have been notified that

"(A) Kansas law requires the person to submit to and complete one or more tests of breath, blood or urine to determine if the person is under the influence of alcohol or drugs, or both;

"(B) the opportunity to consent to or refuse a test is not a constitutional right;

"(C) there is no constitutional right to consult with an attorney regarding whether to submit to testing"

and several other provisions.

The Kansas Supreme Court reversed Luft's conviction, holding that the evidence of his blood-alcohol test should have been suppressed. The court reasoned that "'[t]he clear language of the statute indicates that the legislature intended to ensure that a person arrested for driving under the influence was made aware, by the required notice procedure, of his statutory rights.'" 248 Kan. at 912 (quoting *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 212, 755 P.2d 1337 [1988]). As further support of legislative intent, the court pointed to the language stating: "'It shall not be a defense to any prosecution [for driving under the influence] . . . that the person did not understand the written or oral notice *required* by this section.'" 248 Kan. at 912 (quoting *Barnhart*, 243 Kan. at 212 [quoting K.S.A. 1985 Supp. 8-1001(f)(2)]). The court then went on to emphasize that the proper remedy for a violation of  8-1001 is to suppress the result of the administered test. 248 Kan. at 913.

In this case, the district court noted that the statute in question was recently amended and that the Kansas Supreme Court had recently issued opinions in DUI cases causing the district court to "question[] the significance of the *Luft* case, because implied

consent is not the issue." The City argues that the 2018 amendment to K.S.A. 8-1001 should control because it "was the version in effect at the time of the suppression hearing." That statute provides that nothing in the implied consent law shall be construed to limit the right of a law enforcement officer to conduct any search of a person's breath incident to a lawful arrest under the United States Constitution "with or without providing" the implied consent advisories. K.S.A. 2018 Supp. 8-1001(e). The City provides no caselaw supporting its argument that the 2018 version of the statute applies here.

Contrary to the City's assertion, typically, the law in effect at the time of the criminal act controls. See *State v. Rice*, 308 Kan. 1510, 1512, 430 P.3d 430 (2018); *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 841, 367 P.3d 1252 (2016). Foster committed the crime in May 2018, before the 2018 amendment to K.S.A. 8-1001 went into effect on July 1, 2018. The law in effect at the time—requiring notice of statutory rights—would have controlled throughout Foster's case. See K.S.A. 2017 Supp. 8-1001(k); *Rice*, 308 Kan. at 1512; *Luft*, 248 Kan. at 912-13.

The City raises several additional arguments to support its contention that the district court did not err. Specifically, the City argues:  (1) Foster consented to the breath test before he was even arrested, (2) the breath test was a valid search incident to arrest, (3) implied consent advisories are not required for a prosecution for DUI, and (4) Foster was not prejudiced and that the officer substantially complied with the law.

*Consent to search*

The City's argument that the result of the breath test should not be suppressed because Foster consented to the search—or perhaps even initially requested the breath test—is unpersuasive. Because the district court concluded the incorrect statute governed this case, its decision did not turn on consent. Rather, the court found that although Foster

7

*might* have consented to the test, that did not matter because the breath test was permissible as a search incident to an arrest. But though an individual can consent to a search, the consent must be made voluntarily, intelligently, and knowingly. *State v. Jones*, 279 Kan. 71, 77, 106 P.3d 1 (2005). In order for Foster to intelligently and knowingly give his consent to the search, he would necessarily have to be informed of his statutory rights under K.S.A. 2017 Supp. 8-1001(k). Because he was not informed of those rights, his consent could not have been intelligently and knowingly given. See *Jones*, 279 Kan. at 77. Therefore, Foster did not consent to the search.

*Search incident to arrest*

The district court also relied on the Kansas Supreme Court's decision in *State v. Ryce*, 306 Kan. 682, 693, 396 P.3d 711 (2017) (quoting *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185, 195 L. Ed. 2d 560 [2016]), where the Court recognized that a "'breath test, but not a blood test, may be administered as a search incident to lawful arrest for drunk driving.'" On appeal, the City argues the district court was correct because the breath test was a valid search incident to arrest, separate and distinct from the implied consent statutory scheme.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches. Blood and breath tests conducted by police are searches. See *Birchfield*, 136 S. Ct. at 2173; *Ryce*, 306 Kan. at 684. Section 15 of the Kansas Constitution Bill of Rights provides the same protections against unreasonable searches as the United States Constitution. *State v. Henning*, 289 Kan. 136, 145, 209 P.3d 711 (2009).

Warrantless searches are per se unreasonable unless the search falls within one of the exceptions to the search warrant requirement. *State v. Neighbors*, 299 Kan. 234, 239, 328 P.3d 1081 (2014). Relevant to this case is the search incident to lawful arrest exception. The United States Supreme Court has held that warrantless breath tests are

8

permissible after an individual is arrested for drunk driving. *Birchfield*, 136 S. Ct. at 2184-85.

This court has addressed this issue in a case similar to the one here. In *State v. Perkins*, 55 Kan. App. 2d 372, 379, 415 P.3d 460 (2018) (quoting *Ryce*, 306 Kan. at 690-91), this court acknowledged that "the search-incident-to-arrest exception is a 'categorical exception to the warrant requirement permitting an officer to demand a breath test from a person arrested for a DUI violation.'" In *Perkins*, the defendant was arrested for driving under the influence before the officer administered an evidentiary breath test. Because an exception to the search warrant requirement—search incident to arrest—was applicable, the court held the results of the search did not need to be suppressed. 55 Kan. App. 2d. at 380. However, two things should be noted. First, the defendant in *Perkins* was provided with the statutory notices set out in K.S.A. 2012 Supp. 8-1001. Second, the Kansas Supreme Court affirmed the Court of Appeals in *State v. Perkins*, 310 Kan. 764, 771, 449 P.3d 756 (2019), but the court did so without addressing the search incident to arrest argument and analysis.

The question here is: Does the fact that Foster did not receive the statutory notices before the breath test was administered change the outcome of his case? It does. The Kansas Supreme Court made it clear in *Luft* that K.S.A. 1990 Supp. 8-1001(f)—which is substantially similar to K.S.A. 2017 Supp. 8-1001(k)—requires that the statutory notices be provided to an individual when a law enforcement officer seeks to test their breath alcohol content. *Luft*, 248 Kan. at 913. Perhaps Foster's breath test would pass muster under the search incident to arrest standard, but Kansas law required more. Kansas may impose more stringent requirements than the United States Constitution. When the state chooses to do so, the statute controls. *State v. James*, 301 Kan. 898, 908, 349 P.3d 457 (2015). We are bound to follow the *Luft* and *James* decisions. This court is duty-bound to follow Kansas Supreme Court precedent absent some indication that the court is

9

departing from its earlier position. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). We have seen no indication of the Supreme Court departing from *Luft*.

Because Nelson was required—by statute—to provide Foster the implied consent notices and did not do so, the search incident to arrest exception to the warrant requirement does not mean the breath test submitted by Foster was admissible.

*Prior to July 1, 2018, implied consent advisories are required before prosecution for DUI.*

The City next argues that implied consent advisories were not required in this case because this is a prosecution for DUI, not a driver's license hearing. This argument is also unpersuasive. In *Luft*, a criminal case, the defendant was convicted of aggravated vehicular homicide—something wholly unrelated to a driver's license hearing. The Kansas Supreme Court still held that the implied consent advisories were required. 248 Kan. at 913; see also *State v. Kogler*, 38 Kan. App. 2d 159, 164. 163 P.3d 330 (2007) (suppression required when outdated advisory given); *State v. Kelly*, 14 Kan. App. 2d 182, 191, 786 P.2d 623 (1990) (suppression required when defendant denied right to consult with attorney as provided in K.S.A. 1987 Supp. 8-1001[f][1][E]).

In this case, the City provides no support for its argument that the implied consent advisories were not required because this is not a driver's license suspension. Here, Nelson was required to provide the implied consent advisories, even though this case was for the prosecution of DUI.

*Officer Nelson did not substantially comply with the statute.*

Finally, the City argues that Foster was not prejudiced by not receiving the implied consent notices before taking the breath test and that, ultimately, Nelson substantially

complied with the statute by providing Foster the implied consent advisories after the breath test was administered.

As to prejudice, the City argues that Foster consented to the test, and in fact requested testing, before he was arrested. This is essentially the same argument discussed above and it remains unconvincing. Foster was not given all the information required, thus he could not intelligently and knowingly consent to the breath test.

The City also argues that Nelson substantially complied with K.S.A. 2017 Supp. 8-1001 by providing the implied consent advisories after administering the breath test. Kansas courts have recognized that substantial compliance to K.S.A. 8-1001 can allow breath test results to be admitted as evidence, but only in certain circumstances. *State v. Shaw*, 37 Kan. App. 2d 485, 492-93, 154 P.3d 524 (2007). In *Shaw*, the defendant took a breath test without first being advised of the implied consent advisories. The officer who administered the first test realized that he did not provide Shaw the notices and asked him if he would submit to a second breath test. Shaw agreed and the officer provided the implied consent notices. Shaw then took a second breath test and the results of that test were then used against him at trial.

This court held that the *second* test was admissible because the officer substantially complied with K.S.A. 8-1001 by providing the implied consent advisories to Shaw and then administering a second test. The court focused on the clear language of K.S.A. 8-1001 which requires notice to be given "'[b]efore a test or tests are administered.'" 37 Kan. App. 2d at 492 (quoting K.S.A. 8-1001[f]).

The statute in effect at the time Foster was arrested required the same thing. See K.S.A. 2017 Supp. 8-1001(k). Nelson did not provide the implied consent advisories before administering the test, nor did he provide the advisories and then test Foster a second time. Officer Nelson did not substantially comply with the requirements of K.S.A.

11

2017 Supp. 8-1001(k). When there has not been substantial compliance, a driver does not have to show prejudice. *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, Syl. ¶ 4, 840 P.2d 448 (1992).

Ultimately, the district court erred by denying Foster's motion to suppress. Officer Nelson was required to provide Foster with the implied consent advisories before administering the breath test and did not do so. See K.S.A. 2017 Supp. 8-1001(k). The proper remedy for not doing so was to suppress the breath test evidence. See *Luft*, 248 Kan. at 913.

Reversed and remanded for further proceedings.