(24 P.3d 158)
No. 85,462

STATE OF KANSAS, *Appellant*, v. JODY D. WICK, *Appellee*.

Opinion filed April 20, 2001.

*P. Bernard Irvine*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Norbert C. Marek, Jr.*, of Myers, Pottroff & Ball, of Manhattan, for appellee.

Before RULON, C.J., PIERRON, J., and ROGG, S.J.

RULON, C.J.: The State of Kansas filed an interlocutory appeal arguing that the district court erred in suppressing the results of defendant Jody Daniel Wick's blood alcohol test because the defendant was not properly advised of the law governing implied consent. We reverse and remand for further proceedings.

## Factual Background

In the early morning hours of January 29, 1999, Officers Swartz and Sanders were dispatched to the scene of a one-vehicle acci-

dent. The officers arrived at the scene moments later and noted a vehicle had struck a tree and the front end was demolished.

One of the occupants of the vehicle, Christian Muck, had been thrown from the car and was lying, unmoving, on the passenger side of the vehicle. Officer Sanders began to administer first-aid to Muck until the paramedics arrived. The defendant, who subsequently identified himself as the driver of the vehicle, was extremely agitated, pacing back and forth and talking to himself about killing his friend.

As Officer Swartz attempted to calm the defendant, she noticed the smell of alcohol. Swartz questioned the defendant whether he had been drinking. The defendant responded he had had a beer. The defendant further admitted to Swartz he had driven too fast around the corner and hit the tree.

After the arrival of the paramedics, Officer Swartz discontinued the questioning while Muck was rushed to the hospital and the defendant was examined by the paramedics. Although the paramedics did not find any injuries which required hospitalization, they recommended a doctor examine the defendant to be certain he sustained no hidden injuries. Swartz accompanied the defendant to the hospital.

After learning the defendant had not suffered any severe injuries, Swartz read the defendant an implied consent advisory and placed a form with the advisory printed on it in the defendant's pocket. The parties dispute which version of the implied consent advisory was actually read to the defendant. Eventually, the defendant consented to a blood test. The results from that test ultimately showed the defendant possessed a blood alcohol concentration of .10.

When Muck died from his injuries sustained in the accident, the State charged the defendant with involuntary manslaughter while operating a vehicle with a blood alcohol concentration exceeding .08, in violation of K.S.A. 1998 Supp. 21-3442.

After a preliminary hearing, the defendant moved to suppress the results of his blood test on the grounds he was not read the implied consent advisory applicable to persons under the age of 21.

The prosecution recalled Officer Swartz. After listening to the testimony, the district court was unconvinced the officer had read the defendant the implied consent advisory applicable to persons under 21 years of age and granted the defendant's motion to suppress the results of the blood test. The prosecution filed this interlocutory appeal.

## The Suppression

The State argues the district court erred in suppressing the results of the blood test on two bases. First, the State contends the district court held the prosecution to a higher burden of proof than demanded by law and the district court erroneously held the officer had failed to read the implied consent advisory applicable to minors.

In the alternative, the State argues that even if the district court properly found the consent form for minors was not read, the court erred as a matter of law because the officer read the general implied consent advisory and the results of the blood test indicated a blood alcohol level exceeding .10.

Our review of the suppression of evidence involves a mixed question of fact and law. The district court's determination of the facts underlying the suppression question are entitled to deference, and the record on appeal is reviewed solely for substantial competent evidence to support the district court's findings. The suppression question, however, is a question of law subject to unlimited review. See *State v. DeMarco*, 263 Kan. 727, Syl. ¶ 1, 952 P.2d 1276 (1998); *State v. Vandiver*, 257 Kan. 53, 58, 891 P.2d 350 (1995).

Initially, the State contends the district court imposed an improper standard of proof by requiring the prosecution to prove by "clear and convincing evidence" that the proper implied consent advisory was issued.

Our search revealed no case in any jurisdiction which has specifically established the prosecution's burden of proof when a defendant challenges the procedure applied in obtaining a breath or blood alcohol test. However, cases dealing with challenges to procedures involving constitutional protections have generally been held to a preponderance of the evidence standard. See *Lego v.*

*Twomey*, 404 U.S. 477, 489, 30 L. Ed. 2d 618, 92 S. Ct. 619 (1972) (ruling that the Constitution mandates only that the government prove the voluntariness of a confession to a preponderance of the evidence); *State v. McClain*, 258 Kan. 176, 181-82, 899 P.2d 993 (1995) (discussing *State v. Garcia*, 250 Kan. 310, 315-17, 827 P.2d 727 [1992], and applying a preponderance of the evidence standard to the State's proof that a stop of a defendant's vehicle was valid); *State v. Ruden*, 245 Kan. 95, 105-06, 774 P.2d 972 (1989) (holding that the State's burden to prove a consent to search was by a preponderance of the evidence).

We conclude that a higher burden of proof is not required of the government in establishing the defendant was read the applicable implied consent advisory.

In suppressing the evidence, the district court specifically held that due to the lack of documentation and the conflicting testimony, the evidence did not indicate which form was read to the defendant. If the record as a whole supports such a finding, the State would have failed to establish its burden of proof by a preponderance of the evidence, and this court may properly affirm the district court's conclusion. See *State v. Corrigan*, 10 Kan. App. 2d 55, 59-60, 691 P.2d 1311 (1984), *rev. denied* 237 Kan. 888 (1985).

Our review of this record shows the testimony regarding the implied consent advisory during the preliminary hearing was vague. At times, the arresting officer testified she read the implied consent advisory from the DC-27 form, which contained only the general implied consent advisory. Contrarily, the officer testified she never carried DC-27 forms with her on patrol and she read the implied consent advisory from a smaller sheet of paper with all the implied consent advisory notices printed on it, which is then given to the person under suspicion of DUI. The officer testified the actual DC-27 or DC-28 would be completed at the station later, and either given or mailed to the defendant after a test conclusively showed that the defendant's blood alcohol concentration exceeded .08.

During the hearing on the motion to suppress the test results, Swartz testified she had, in fact, read the implied consent advisory from the DC-70, which is a half sheet of paper upon which the

general implied consent advisory is printed on one side and the advisory applicable to drivers under the age of 21 printed on the reverse. The officer insisted she read the defendant the 1999 version of the DC-70. However, the officer conversely admitted the 1999 version of the DC-70 did not take effect until July 1, 1999, and that she would have read the defendant the 1997 version.

Based upon the confusing state of the record, we conclude the district court's finding that the prosecution failed to carry its burden of proof is supported by substantial evidence, even if a preponderance of the evidence standard is applied to the record.

Alternatively, the State argues the defendant's blood test results were admissible under K.S.A. 1998 Supp. 8-1001, despite the officer's failure to read the implied consent advisory applicable to drivers under the age of 21 as provided by K.S.A. 1998 Supp. 8-1567a. This issue involves a question of statutory interpretation, over which this court has unlimited review. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

K.S.A. 1998 Supp. 8-1567a provides, in pertinent part:

"(b) Whenever a law enforcement officer determines that a breath or blood alcohol test is to be required of a person less than 21 years of age pursuant to K.S.A. 8-1001 or K.S.A. 8-2,142 and amendments thereto, in addition to any other notices required by law, the law enforcement officer *shall* provide written and oral notice that: (1) It is unlawful for any person less than 21 years of age to operate or attempt to operate a vehicle in this state with a breath or blood alcohol content of .02 or greater; and (2) if the person is less than 21 years of age at the time of the test request and submits to and completes the test or tests and the test results show an alcohol concentration of .02 or greater, the person's driving privileges will be suspended for at least 30 days upon the first occurrence and for at least 90 days upon a second or subsequent occurrence." (Emphasis added.)

It is a fundamental rule of statutory construction that when the language of a statute is clear and unambiguous, the legislative intent as expressed in the language governs the meaning to be extended to the statute. See *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998). Because the statute states that the law enforcement officer "shall provide written and oral notice" that it is unlawful for drivers under 21 years of age to operate a vehicle with a breath or blood alcohol concentration of .02 or greater, the notice provision is mandatory. Following the reasoning of *State v.*

*Luft*, 248 Kan. 911, 912-13, 811 P.2d 873 (1991), an officer's failure to give an arrestee proper notice mandates exclusion of any subsequent test results.

Here, the officer informed the defendant of the general implied consent advisory applicable to any person who operates a vehicle, but failed to inform the defendant of the implied consent advisory applicable to persons under 21. As a result, K.S.A. 1998 Supp. 8-1567a requires exclusion of the test results if the statute was intended to apply to the factual circumstances before us.

The State argues the notice requirements of K.S.A. 1998 Supp. 8-1567a do not apply to this factual situation because the statute provides only for administrative penalties. As such, the State claims the notice provisions do not apply to defendant's criminal prosecution for involuntary manslaughter while under the influence of alcohol.

K.S.A. 1998 Supp. 8-1567a states: "It shall be unlawful for any person less than 21 years of age to operate or attempt to operate a vehicle in this state with a breath or blood alcohol content of .02 or greater." The statute's placement within the traffic code raises a reasonable argument that criminal penalties are to apply to a violation of the conduct prohibited therein. The statute was placed in the general proximity of K.S.A. 1998 Supp. 8-1567 which clearly establishes criminal penalties for driving under the influence of alcohol, rather than with the civil penalties found in K.S.A. 1998 Supp. 8-1002.

In contrast, while the language of K.S.A. 1998 Supp. 8-1567a indicates criminal prohibition of the conduct specified therein, the penalties provided by the statute do not constitute criminal penalties but merely civil restrictions on driving privileges, evidencing the legislature's intent to provide only administrative penalties for violation of the statute. See *State v. Mertz*, 258 Kan. 745, 758-61, 907 P.2d 847 (1995) (holding that suspension of a driver's license for driving under the influence of alcohol is a civil remedy designed to protect the public, not a criminal penalty designed to punish the driver).

By promulgating a statutory provision to govern minor drivers who have consumed alcohol, we conclude, the legislature intended

to maintain existing provisions and sanctions. The statute explicitly states this intent: "Except where there is a conflict between this section and K.S.A. 8-1001 and 8-1002 and amendments thereto, the provisions of K.S.A. 8-1001 and 8-1002 and amendments thereto, shall be applicable to proceedings under this section." K.S.A. 1998 Supp. 8-1567a (g).

Logic dictates that K.S.A. 1998 Supp. 8-1567a was designed to cover conduct not previously covered in K.S.A. 1998 Supp. 8-1002 and K.S.A. 1998 Supp. 8-1567. The statute discusses only the penalties to be applied to persons under 21 years of age for breath or blood alcohol concentrations between .02 and .08, not the penalty to apply to persons whose breath or blood alcohol concentration exceeds .08. See K.S.A. 1998 Supp. 8-1567a (d), (e), (f), and (h).

A violation of K.S.A. 1998 Supp. 8-1567a constitutes a separate and distinct offense from the conduct proscribed by K.S.A. 1998 Supp. 8-1002 and K.S.A. 1998 Supp. 8-1567. Because the proscribed breath or blood alcohol levels within the statutes differ, a person under age 21 is subject to prosecution under K.S.A. 1998 Supp. 8-1567a only when his or her breath or blood alcohol concentration falls between .02 and .08. Otherwise, the penalties provided in K.S.A. 1998 Supp. 8-1002 or K.S.A. 1998 Supp. 8-1567 apply.

Because defendant's blood alcohol concentration exceeded .08, the penalties of K.S.A. 1998 Supp. 8-1002 and K.S.A. 1998 Supp. 8-1567were applicable. Defendant was informed of the implied consent advisory applicable to a breath or blood alcohol concentration of .08 or greater. Although the officer erred in failing to inform defendant of the implied consent advisory applicable to persons under 21 years of age, defendant was not prejudiced by the omission.

Had the test results demonstrated a blood alcohol concentration between .02 and .08, *Luft* would demand suppression of the test results. 248 Kan. at 913. Here, the officer notified defendant of the consequences applicable to a driver who tests above the .08 limit on blood or breath alcohol concentration.

The notice provisions provided by K.S.A. 1998 Supp. 8-1567a apply only to situations in which the breath or blood alcohol con-

centration of a driver under the age of 21 is found to exceed .02 but under the legal intoxication limit of .08. Although law enforcement officers would be well advised to inform persons under the age of 21 of the statutorily imposed implied consent advisory as promulgated by K.S.A. 1998 Supp. 8-1567a, a defendant who is informed only of the implied consent advisory required by K.S.A. 1998 Supp. 8-1001 is not prejudiced when a breath or blood alcohol test reveals a concentration exceeding the legal limit of .08.

We reverse and remand for further proceedings.