(307 P.3d 217)

No. 107,661

SHANE A. BIXENMAN, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

Opinion filed March 15, 2013.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Leslie A. Hess*, of Kennedy Berkley Yarnevich & Williamson Chartered, of Hays, for appellee.

Before MALONE, C.J., MCANANY, J., and KNUDSON, S.J.

KNUDSON, J.: The Kansas Department of Revenue (KDR) ap-

peals from the decision of the district court to set aside an administrative order suspending Shane A. Bixenman's driving privileges for 30 days and thereafter restricting his driving privileges for an additional 330 days. The district court concluded police officers lacked probable cause to arrest Bixenman for driving under the influence of alcohol (DUI) and therefore did not have reasonable grounds to request an evidentiary breath test under K.S.A. 2009 Supp. 8-1001.

We reverse the decision of the district court and remand with directions that the administrative order of the KDR be reinstated.

The underlying facts are not in material dispute. On April 28, 2010, Officer Benjamin Kahle and Investigator Aaron Larson of the Hays Police Department lawfully stopped Bixenman's truck for driving with one headlight. Twenty-year-old Bixenman did not exhibit any signs of intoxication or erratic behavior while driving or stopping his truck.

Kahle spoke to Bixenman and noticed that he had bloodshot eyes and there was an odor of alcohol emanating from Bixenman and his truck. Bixenman told Kahle he had been to a bonfire and consumed one beer.

Bixenman performed two field sobriety tests. Throughout the tests, Bixenman was cooperative and did not slur his speech. When speaking, however, Bixenman would turn away from Kahle. Kahle thought this behavior was unusual.

Of the two field sobriety tests, Bixenman first performed the walk-and-turn test. He demonstrated only one possible sign of intoxication—starting the test too soon—but otherwise successfully completed the test. Bixenman then took the one-leg-stand test. He demonstrated one of four possible signs of intoxication—he put his foot down 3 seconds after commencing the 30-second test—but otherwise successfully completed the test.

At Larson's request, Bixenman then took a preliminary breath test, which yielded a blood-alcohol content greater than .02 but less than .08. Consequently, Kahle arrested Bixenman for DUI. Following his arrest, Bixenman took the evidentiary breath test, which again yielded a blood-alcohol content between .02 and .08.

Accordingly, the KDR suspended Bixenman's driving privileges for 30 days to be followed by 330 days of restricted privileges.

Bixenman next took an administrative appeal. The administrative hearing officer affirmed the suspension, finding:

- Officers Kahle and Larson had reasonable grounds to believe that Bixenman was operating or attempting to operate a vehicle while under the influence of alcohol, drugs, or both, or was driving a commercial motor vehicle, as defined in K.S.A. 8-2,128, and amendments thereto, while having alcohol or other drugs in such person's system.
- Bixenman was in custody or arrested for an alcohol or drug related offense or was involved in a vehicle accident or collision resulting in property damage, personal injury, or death.
- Officer Kahle presented Bixenman with the oral and written notices required by K.S.A. 8-1001, and amendments thereto, and the notices required by K.S.A. 8-1567a(b), and amendments thereto.
- The testing equipment used was reliable.
- The person who operated the testing equipment was qualified.
- The testing procedures used were reliable.
- The test result determined that Bixenman had an alcohol concentration of .02 or greater, but less than .08, in his blood or breath.
- Bixenman was operating a vehicle.
- Bixenman was less than 21 years of age at the time a test was requested.

Bixenman filed a timely petition for judicial review of the administrative order pursuant to K.S.A. 2009 Supp. 8-259 and the Kansas Judicial Review Act pursuant to K.S.A. 2009 Supp. 77-601 *et seq.* Bixenman's contention in his petition for review was that the arresting officers did not have reasonable grounds to believe he was operating a vehicle while under the influence of alcohol.

After an evidentiary hearing the district court ruled in Bixenman's favor and against the KDR. The court found that the required deprivation period of 15 minutes before the preliminary

breath test was to be administered had not been met. As a consequence the district court concluded the results of the preliminary breath test should not be considered. The district court judge then stated:

"What I have to consider is the totality of the circumstances and frankly, in looking at the video and the testimony of the officer, I don't see where this young man was *impaired under the law*. He had some alcohol in his system for which he was properly charged apparently for consuming alcohol underage, but he certainly was not impaired by any stretch of the imagination.

"He passed all the tests. I listened to him talk in the video, the speech was appropriate to all the questions and there were many unrelated to this. I mean it was just general discussions about where he went to school and so forth and so on. I just don't see it. In fact, I'm not sure I could have performed those tests as well as he did." (Emphasis added.)

In its journal entry (filed October 11, 2011), the district court stated:

"[T]here was not sufficient evidence upon which to believe [Bixenman] operated a vehicle while under the influence of alcohol, no probable cause to arrest and no basis to proceed with further alcohol testing based on the results of the field sobriety tests and the improperly administered preliminary breath test."

After trial, the KDR filed a motion requesting that the district court reconsider its ruling. The court denied the motion January 13, 2012.

On appeal, the KDR contends that the district court erred in deciding that the police officers lacked probable cause to arrest or take Bixenman into custody for DUI and as a result lacked reasonable grounds to request that he submit to a breath test pursuant to K.S.A. 8-1567a and K.S.A. 2009 Supp. 8-1001.

An appellate court generally reviews a district court's decision in a driver's license suspension case to determine whether the decision is supported by substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Interpretation of a statute, however, is a question of law over which appellate review is unlimited. See *Allen v. Kansas Dept. of Revenue*, 292 Kan. 653, 657, 256 P.3d 845 (2011), *disapproved on other grounds by Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 290 P.3d 555 (2012).

K.S.A. 8-1567a is a civil proceeding and imposes no criminal penalties. See *State v. Schuster*, 273 Kan. 989, 995, 46 P.3d 1140 (2002). In *Schuster* the court also noted the legislative intent behind K.S.A. 8-1567a was to enact a law that considers an individual under the age of 21 with a blood-alcohol concentration of .02 or greater while operating a motor vehicle to be DUI. 273 Kan. at 991-92. In *State v. Wick*, 28 Kan. App. 2d 888, Syl. ¶ 3, 24 P.3d 158, *rev. denied* 271 Kan. 1042 (2001), a panel of our court recognized a violation of K.S.A. 8-1567a is a separate and distinct offense from DUI as defined in K.S.A. 8-1567.

The distinctive nature of K.S.A. 8-1567a is also recognized in K.S.A. 2009 Supp. 8-1001 that provides for tests for alcohol in a person's system. Subparagraph (b) states:

"A law enforcement officer shall request a person to submit to a test or tests deemed consented to under subsection (a): (1) If the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol . . . , or to believe that the person was driving a commercial motor vehicle . . . while having alcohol . . . in such person's system, *or was under the age of 21 years while having alcohol . . . in such person's system; and one of the following conditions exists: (A) The person has been arrested or otherwise taken into custody for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol . . . , or for a violation of K.S.A. 8-1567a*, and amendments thereto, or involving driving a commercial motor vehicle . . . while having alcohol . . . in such person's system, in violation of a state statute or a city ordinance; or (B) the person has been involved in a vehicle accident or collision . . . ." (Emphasis added.) K.S.A. 2009 Supp. 8-1001(b).

The police officers arrested or placed Bixenman in custody for DUI. It is apparent that the district court applied the definition of DUI as applicable under K.S.A. 8-1567 rather than under K.S.A. 8-1567a. We acknowledge there is a contentious issue as to whether the police officers had probable cause to arrest Bixenman for DUI as defined in K.S.A. 8-1567. However, under the facts of this case, we do not need to reach that issue.

In *Sloop*, 296 Kan. 13, Syl. ¶¶ 3-5, the Kansas Supreme Court held under the facts of the case that a lawful arrest based on probable cause was necessary before requesting that a driver submit to an evidentiary breath test. *Sloop* is distinguishable from the case before us. Here, under the uncontroverted facts of the traffic stop

and subsequent investigation, the controlling issue is whether the police officers possessed probable cause to support taking Bixenman into custody for violation of K.S.A. 8-1567a and to then request he submit to a breath test. Because K.S.A. 8-1567a is a civil offense with its own unique process, and not a criminal offense, an arrest is not a prerequisite to its enforcement. See also K.S.A. 22-3202(4) (defines an arrest as the taking of a person into custody to answer for the commission of a criminal offense).

We conclude legislative intent is unambiguous and clearly stated in both K.S.A. 8-1567a and K.S.A. 2009 Supp. 8-1001—a breath or blood test may be administered to an underage driver if he or she is has been arrested or placed in lawful custody and the arresting officers have reasonable grounds to believe the driver was operating a vehicle while under the influence of alcohol *as defined in K.S.A. 8-1567a*. See K.S.A. 2009 Supp. 8-1001(b).

Our inquiry now turns to whether the police officers had probable cause to take Bixenman into custody for driving under the influence as defined in K.S.A. 8-1567a and reasonable grounds to request that he submit to an evidentiary breath test. This requires that we consider whether the police officers had a reasonable belief that Bixenman was under 21 years of age and driving while having alcohol in his system. See K.S.A. 2009 Supp. 8-1001(b).

The term "reasonable grounds" is equated to probable cause, which is a higher standard than reasonable suspicion but a lower standard than necessary to establish guilt beyond a reasonable doubt. See *Swank*, 294 Kan. at 881; *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 775-76, 148 P.3d 538 (2008). Our Supreme Court, however, has recently cautioned against use of the phrase that sufficient proof of reasonable grounds exists when guilt is more than a possibility. See *Sloop*, 296 Kan. at 20-21 (phrase crept into Kansas appellate cases, including *Bruch* and *Swank*, without explanation and has been unduly emphasized in probable cause calculation).

Under the facts of this case, we conclude the arresting officers did have reasonable grounds to believe that Bixenman was under the age of 21 and was driving with alcohol in his system. Bixenman had bloodshot eyes, alcohol on his breath, and admitted to con-

suming alcohol. The evidence was sufficient to support placing Bixenman in custody and reasonable grounds did exist to support the request for a breath test. The evidentiary breath test produced a result of .037. Accordingly, Bixenman violated K.S.A. 8-1567a, and the district court erred in setting aside the suspension and restriction of his driving privileges. We direct that the order of the KDR be reinstated.

Reversed and remanded with directions.