NOT DESIGNATED FOR PUBLICATION

No. 114,696

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RODERICK C. TROMBLE,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.


MEMORANDUM OPINION

Appeal from Lincoln District Court; KIM W. CUDNEY, judge. Opinion filed August 26, 2016. Affirmed.

*James D. Sweet*, *Joseph A. Allen*, and *Wade M. Carter*, of Allen, Sweet & Carter, LLC, of Minneapolis, for appellant.

*Donald J. Cooper*, Legal Services Bureau, of Kansas Department of Revenue, for appellee.


Before GARDNER, P.J., BUSER and STANDRIDGE, JJ.


*Per Curiam*:  Roderick C. Tromble appeals the district court's decision to deny his petition to set aside the Kansas Department of Revenue's suspension of his driving privileges following his arrest for driving under the influence (DUI) of alcohol. On appeal, Tromble argues that the district court erred in upholding the suspension because the arresting officer did not have probable cause or reasonable grounds to believe that Tromble was driving under the influence. Finding no error, we affirm the district court's decision.

1

On the evening of July 5, 2014, Deputy Gary Kuehn of the Lincoln County Sheriff's Department was dispatched to investigate a third-party report that a driver, identified as Tromble, was operating a vehicle on K-18 Highway while possibly intoxicated. As Kuehn was driving his patrol car toward the location of Tromble's home, Kuehn observed Tromble's vehicle parked on a gravel road. Kuehn turned his patrol car around on the road and headed back toward Tromble's vehicle. As Kuehn did so, he observed Tromble drive in reverse approximately 150 to 200 feet down the gravel road. Kuehn activated his emergency lights and stopped Tromble.

Deputy Kuehn smelled alcohol as he approached the vehicle, of which Tromble was the only occupant. Kuehn asked Tromble whether he had been drinking alcohol. After initially denying drinking, Tromble admitted he had approximately six beers that day and he had stopped drinking less than an hour before the stop. Kuehn noted that Tromble's speech was slurred during this interaction.

Deputy Kuehn asked Tromble to exit the vehicle so that Kuehn could administer standard field sobriety tests. Kuehn testified that Tromble had to hold onto the door to exit the vehicle and that Tromble "slid" out of the vehicle rather than exiting it in a normal manner. Because they were stopped on a gravel road, Kuehn asked Tromble to walk to an adjoining paved road for the field sobriety tests. Kuehn observed Tromble stagger and stumble while walking toward the paved road. Kuehn also observed that Tromble had bloodshot, watery eyes.

When they reached the paved road, Tromble told Deputy Kuehn he could not perform field sobriety tests requiring him to balance because of a prior head injury he had sustained. Kuehn therefore conducted field sobriety tests that did not include an assessment of balance—the alphabet test and the finger dexterity test. Kuehn reported

2

that Tromble was not able to successfully complete these tests as specifically directed by Kuehn. Kuehn arrested Tromble and took him to the Lincoln County Law Enforcement Center where Tromble was administered a breath test using an Intoxilyzer 8000. The results of that test showed a breath alcohol level of .195. Tromble was served with a notice of a suspension of his license to drive.

Tromble timely requested an administrative hearing to challenge the suspension. The administrative law judge affirmed the suspension of Tromble's driving privileges, noting the following facts: the third-party report to police that Tromble was driving while intoxicated as well as Deputy Kuehn's statements that Tromble was backing down the road, smelled of alcohol, had bloodshot eyes and slurred speech, had difficulty exiting his vehicle and used it for support, failed the alphabet and finger dexterity tests, and admitted consuming alcohol.

Tromble petitioned the Lincoln County District Court to review the agency decision. After a trial de novo, the district court affirmed the suspension. Specifically, the court held Deputy Kuehn had reasonable grounds to make the arrest and require additional testing based on the following evidence presented: "[T]he fact that there was an odor of alcohol the Officer detected, there was an admission by Mr. Tromble that he had consumed, that he had some slurred speech, that he staggered, stumbled, had bloodshot, watery eyes and failed to follow directions."

ANALYSIS

Although not entirely clear from Tromble's brief, it appears he asserts two claims of error on appeal: (1) that the district court erred in finding Deputy Kuehn had probable cause to believe Tromble was operating a vehicle under the influence of alcohol at the time Kuehn arrested Tromble and (2) that the district court erred in finding Kuehn had

3

reasonable grounds to believe that Tromble was operating a vehicle under the influence of alcohol at the time Kuehn requested Tromble submit to the evidentiary breath test.

1. *Standard of review*

Following a trial de novo on an administrative license suspension, an appellate court reviews a district court's findings to determine if they were supported by substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Substantial competent evidence is evidence a reasonable person might accept as sufficient to support a conclusion. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). Whether substantial competent evidence exists is a question of law. *Redd v. Kansas Truck Center*, 291 Kan. 176, 182, 239 P.3d 66 (2010). In determining whether the district court's findings were supported by substantial competent evidence, an appellate court will not reweigh the evidence, make witness credibility determinations, or redetermine factual questions. *State v. Hall*, 292 Kan. 841, 859, 257 P.3d 272 (2011). After determining whether the district court's factual findings are supported by substantial evidence, we independently consider the ultimate legal question of whether the officer had probable cause or reasonable grounds. *Poteet v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 412, Syl. ¶ 1, 233 P.3d 286 (2010).

2. *Kansas implied consent statute*

Under the Kansas implied consent statute, any person who operates a vehicle in Kansas is deemed to have given consent "to submit to one or more tests of the person's blood, breath, urine or other bodily substance to determine the presence of alcohol or drugs." K.S.A. 2015 Supp. 8-1001(a). But before a police officer can ask a person to take a breath test, the officer must have arrested or taken the person into custody for violating a state statute and must have "reasonable grounds to believe the person was operating or

4

attempting to operate a vehicle while under the influence of alcohol or drugs." K.S.A. 2015 Supp. 8-1001(b)(1).

a. *Probable cause*

"Probable cause to arrest is the reasonable belief, drawn from the totality of information and reasonable inferences available to the arresting officer, that the defendant has committed or is committing a specific crime. [Citation omitted.]" *State v. Johnson*, 297 Kan. 210, 222, 301 P.3d 287 (2013). Probable cause is "a higher standard than reasonable suspicion but a lower standard than necessary to establish guilt beyond a reasonable doubt." *Bixenman v. Kansas Dept. of Revenue*, 49 Kan. App. 2d 1, 6, 307 P.3d 217 (2013).

Tromble claims Deputy Kuehn did not have probable cause to arrest him for driving under the influence of alcohol. In support of this claim, Tromble argues the odor of alcohol, by itself, detected by Kuehn as he was walking up to Tromble's vehicle was insufficient to establish the probable cause necessary to arrest Tromble for DUI. But Tromble's argument conflates the standard of probable cause, which is necessary to effectuate an arrest, and the standard of reasonable suspicion, which is the standard of proof that must be met in order for an officer to lawfully extend a traffic stop.

To extend a traffic stop, an officer must have reasonable suspicion, or a particularized and objective basis for suspecting, that the person stopped has committed or is committing a crime. *State v. Pollman*, 286 Kan. 881, 889-90, 190 P.3d 234 (2008). Like probable cause, reasonable suspicion depends on all the circumstances. 286 Kan. at 890. But reasonable suspicion is a lower standard than probable cause; while it must be more than an unparticularized hunch, it can come from information that is less reliable than what is required to show probable cause. 286 Kan. at 890. In *State v. Morlock*, 289

Kan. 980, 218 P.3d 801 (2009), our Supreme Court clarified a police officer's ability to act on any information obtained at a traffic stop:

> "An officer is not required to disregard information which may lead him or her to suspect independent criminal activity during a traffic stop. When 'the responses of the detainee and the circumstances give rise to suspicions unrelated to the traffic offense, an officer may broaden his inquiry and satisfy those suspicions.' [Citations omitted.]" 289 Kan. at 996.

Here, Deputy Kuehn made a decision to extend the traffic stop based on the following information:

- A third-party called the Lincoln County Sheriff's Department to report that a driver, identified as Tromble, was operating a vehicle on K-18 Highway while possibly intoxicated.
- Deputy Kuehn observed Tromble parked in his vehicle on a gravel road and then observed Tromble drive his vehicle in reverse approximately 150 to 200 feet down the gravel road in the wrong lane. Kuehn activated his emergency lights and stopped Tromble.
- Deputy Kuehn smelled alcohol as he approached the vehicle.
- After initially denying drinking, Tromble ultimately admitted he had drunk approximately six beers that day and had stopped drinking less than 1 hour before the stop.
- Tromble's speech was slurred during this initial interaction.

Based on these facts, we find Deputy Kuehn had a reasonable, articulable suspicion that Tromble was violating K.S.A. 2015 Supp. 8-1567 when he extended the traffic stop to perform field sobriety testing.

6

Having found Deputy Kuehn had the reasonable suspicion to lawfully extend the traffic stop to perform field sobriety testing, we now consider whether Kuehn had probable cause to arrest Tromble. At the time of Tromble's arrest, Kuehn had the following information:

- A third-party called the Lincoln County Sheriff's Department to report that a driver, identified as Tromble, was operating a vehicle on K-18 Highway while possibly intoxicated.
- Deputy Kuehn observed Tromble parked in his vehicle on a gravel road and then observed Tromble drive his vehicle in reverse approximately 150 to 200 feet down the gravel road in the wrong lane. Kuehn activated his emergency lights and stopped Tromble.
- Deputy Kuehn smelled alcohol as he approached the vehicle.
- After initially denying drinking, Tromble ultimately admitted he had drunk approximately six beers that day and had stopped drinking less than 1 hour before the stop.
- Tromble's speech was slurred during the initial interaction.
- Tromble had to hold onto the door to exit the vehicle.
- Tromble "slid" out of the vehicle rather than exiting it in a normal manner.
- Tromble staggered and stumbled while walking toward the paved road for field sobriety testing.
- Tromble had bloodshot, watery eyes.
- Tromble failed to follow directions during the alternative field sobriety tests.

The facts here support the district court's finding that Deputy Kuehn had probable cause to believe that Tromble was operating his vehicle under the influence of alcohol; accordingly, the arrest was lawful.

b. *Reasonable grounds*

Finally, Tromble argues that Deputy Kuehn did not have reasonable grounds to request he submit to evidentiary testing under K.S.A. 2015 Supp. 8-1001(b). To request a driver submit to DUI testing, a law enforcement officer must have "reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both." K.S.A. 2015 Supp. 8-1001(b)(1). Kansas courts have interpreted "reasonable grounds" to be equivalent to "probable cause," which "exists where the officer's knowledge of the surrounding facts and circumstances creates a reasonable belief that the defendant committed a specific crime." *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 515, 242 P.3d 1179 (2010). Given this interpretation, we find the same facts that support probable cause to arrest Tromble support reasonable grounds to request he submit to evidentiary testing under K.S.A. 2015 Supp. 8-1001(b).

Tromble has not met his burden to show the agency decision should be set aside. See K.S.A. 2015 Supp. 8-1020(q). Under the facts and circumstances of this case, Deputy Kuehn had both probable cause and reasonable grounds to believe that Tromble was driving under the influence of alcohol. We find no error in the district court's decision to affirm the suspension of Tromble's driver's license.

Affirmed.