NOT DESIGNATED FOR PUBLICATION

No. 117,366

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DENNIS R. LANE,
*Appellant/Cross-appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee/Cross-appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed May 11, 2018. Affirmed.

*Douglas E. Wells*, of Topeka, for appellant/cross-appellee.

*Charles Bradley* and *J. Brian Cox*, deputy general counsel, of Legal Services Bureau, Kansas Department of Revenue, for appellee/cross-appellant.

Before LEBEN, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: Dennis Lane had his license suspended because he refused to submit to a breath test for alcohol. Lane appeals the suspension of his driver's license, claiming that the officer who arrested him didn't have the statutory authority to request a breath test because the officer didn't have reasonable grounds to believe that Lane had either driven or tried to drive while he was under the influence of alcohol.

But the district court's factual findings supported its conclusion that the officer had reasonable grounds to believe that Lane had driven the vehicle while intoxicated. When

the officer found Lane, the car was running, windshield wipers were wiping, and Lane was passed out and slumped over the car's steering wheel. The car was parked outside the lines in a parking lot with the steering wheel and front tires turned, not straightened into a designated space. All of this seemed more consistent with a person who had driven away from the nearby bar drunk—and then stopped and passed out with the car running—than with a person who had parked while sober. Once the officer woke Lane up, the officer smelled alcohol on Lane's breath, and Lane was confused when responding to questions. Lane also admitted to drinking and failed his field-sobriety tests. All of this provided reasonable grounds for the officer to request a breath test, which is all that Kansas law requires. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

After Lane's license was suspended in an administrative proceeding before the Kansas Department of Revenue, he sought review in the district court. That court then heard the matter independently, and it heard evidence and made factual findings. We therefore must accept the factual findings of the district court so long as they are supported by substantial evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). We will therefore set out the facts based on the district court's factual findings. Even so, most of the facts in this case aren't disputed because they are based on a recording from Lane's encounter with police. The district court also heard testimony from both Lane and the Topeka police officer, Steven Christopher, who found Lane in the parking lot.

He found Lane in his parked car around four o'clock in the morning in December 2014. The car's engine was running, the doors were locked, and the driver's side backseat window was partially rolled down. Lane was sitting in the driver's seat. The seat was fully reclined, but Lane was slumped over the steering wheel with his jacket pulled over his head.

When Christopher approached, he shined his flashlight through the windows. Lane didn't respond to the light or to Christopher, who had to reach through the back window to unlock the doors. Lane didn't move until Christopher opened up Lane's driver's-side door. After Lane woke up, Christopher asked Lane several questions about why he was sleeping in his car. Lane seemed confused by the questions and replied that he didn't have anywhere to go. Then he told Christopher that he "was coming from the [Lazy] Toad"—a bar that shared the parking lot in which the officer had found Lane in his still-running car. Lane gave his driver's license to Christopher.

Christopher told Lane that he could smell alcohol on Lane's breath and asked Lane how much he drank that night. Lane replied that he "had a couple of drinks earlier." Then Christopher asked Lane to get out of his car so he could administer field-sobriety tests. Christopher then administered—and Lane failed—three sobriety tests.

Christopher then asked Lane if he would take a preliminary breath test. Lane refused the test, so Christopher placed him under arrest.

Lane admitted at trial that he was intoxicated during the police encounter, so the sole issue for consideration was whether Officer Christopher had reasonable grounds to believe Lane had operated or attempted to operate his car while he was intoxicated.

Both Christopher and Lane agreed that Lane's car wasn't in motion during the encounter. Christopher said that he never saw Lane's car move, and he didn't see Lane attempt to operate the car. He also told the court that Lane's foot wasn't on the accelerator or brake pedals, that Lane didn't appear to be wearing his seatbelt, and that Lane made no attempt to turn the steering wheel. Christopher noted that Lane's car radio was turned off, but the heater was turned on. He also described how Lane's car wasn't parked within one of the designated parking spaces in the parking lot—the car straddled the lines separating

3

parking spaces, and the front of the car protruded past the front of the parking spaces. Christopher told the court that it appeared as if Lane was passed out at the steering wheel, and Lane conceded that he was unconscious when Christopher found him.

The video from Christopher and Lane's encounter was admitted into evidence. After the evidence was presented, the district court found that Christopher had reasonable grounds to believe that Lane had been driving under the influence and accordingly affirmed the suspension of Lane's driver's license. The court's key factual findings emphasized that it found Lane's testimony lacked credibility, while Christopher's observations provided reasonable grounds:

"Lane testified that he came out of the bar intending to sleep in his vehicle. He testified that he did not drive the vehicle. He also testified that he had little or no recall of some of the events of that evening after he left the bar, which causes the Court to doubt the accuracy of his testimony. On the other hand, and more pertinent to the issue of reasonable grounds, Officer Christopher observed Lane's vehicle running and the windshield wipers moving. Lane was slumped against the steering wheel even though his seat was reclined. Officer Christopher testified that Lane was not in a natural sleeping position and Officer Christopher believed Lane was passed out. Lane smelled of alcohol and appeared confused when he woke up. Lane's vehicle was parked straddling a line between two marked parking stalls and protruding forward over the line marking the front of the parking stalls. Officer Christopher testified that it did not appear that Lane's vehicle had been parked in the midst of other cars, but rather had been stopped haphazardly. Lane never told Officer Christopher that he did not drive the vehicle.

"Under the totality of the circumstances, Officer Christopher had reasonable grounds to believe that Lane operated the vehicle. The running engine, the moving windshield wipers, and the 'cockeyed' placement of the vehicle such that it broke the plane of multiple marked parking stalls suggested that Lane drove the vehicle—albeit not too far—after leaving the bar and stopped again in the parking lot."

Lane appealed to our court.

ANALYSIS

The primary issue on appeal is whether Christopher had reasonable grounds to believe that Lane had been driving or had attempted to drive while intoxicated. If the officer had reasonable grounds for that belief, Kansas law authorizes the suspension of his driver's license. See K.S.A. 2017 Supp. 8-1014(a); K.S.A. 2017 Supp. 8-1001(b)(1)(A).

Whether an officer had reasonable grounds to believe an individual was operating or attempting to operate a vehicle while under the influence of alcohol is a question of fact. *Swank*, 294 Kan. at 881. Here, the trial court found that Christopher had reasonable grounds, so this court must decide whether there was substantial evidence to support the district court's findings. *Swank*, 294 Kan. at 881.

The test for determining whether an officer had reasonable grounds to believe a defendant was driving under the influence of alcohol is essentially the same as the test used to determine whether an officer had probable cause to arrest a defendant. *State v. Johnson*, 297 Kan. 210, 222, 301 P.3d 287 (2013). Probable cause exists when the facts, circumstances, and inferences drawn from those facts, would lead a reasonable person to believe that the defendant has committed or is committing a specific crime. *Johnson*, 297 Kan. at 222. Probable cause "is a higher standard than reasonable suspicion but a lower standard than necessary to establish guilt beyond a reasonable doubt." *Bixenman v. Kansas Dept. of Revenue*, 49 Kan. App. 2d 1, 6, 307 P.3d 217 (2013).

The district court's factual findings amply support its conclusion that Christopher had reasonable grounds to believe that Lane had been driving under the influence when the officer requested a breath test for alcohol:

5

- Lane's car engine was running and the windshield wipers were turned on and were moving;

- Lane was sitting in the driver's seat and was slumped over the steering wheel;

- when Christopher woke Lane up, Lane started to fumble with the steering wheel;

- Christopher smelled alcohol on Lane's breath;

- Lane had a hard time answering Christopher's questions and generally appeared confused;

- Lane's car was parked outside the parking lines in a parking lot;

- Lane's car was "cockeyed"—with his steering wheel and front-side tire and wheel were turned to one side; and

- Lane admitted at trial that he was intoxicated when Christopher approached him.

The record also shows that Lane failed his field-sobriety tests before he refused to consent to the preliminary breath test.

Lane argues—based on his own testimony—that he drove to the parking lot before entering the bar, not while he was drunk. He claims that he didn't park his car within a parking space because he was trying to accommodate other cars in the parking lot. Lane argues that because Christopher never saw Lane's vehicle move or Lane attempt to move his vehicle, the officer's conclusion that Lane drove or tried to drive drunk is pure speculation, "based upon an inference that Lane did not park to accommodate other parked cars."

But the district court was the fact-finder here, and it "doubt[ed] the accuracy of [Lane's] testimony." See *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). The district court decides whether an officer had reasonable belief based on "the totality of information and reasonable inferences available to the arresting officer . . . ." *Johnson*, 297 Kan. 210, Syl. ¶ 6; see also *Vega-Gamboa v. Kansas Dept. of Revenue*, No. 116,743, 2017 WL 4081386, at *2 (Kan. App. 2017) (unpublished opinion) (citing *Johnson*, 297 Kan. at

6

222). Here, the district court properly considered what the officer knew and the reasonable inferences to be drawn.

Had Lane's car still been parked where he put it when he first arrived at the bar, not when he left, you'd reasonably expect the car to be parked within the marked parking spaces. Lane's claim that—to accommodate other parked cars—he parked straddling the side lines between two spaces and over the end line into two more spaces is not the most likely explanation for what the officer found. Instead, the officer could reasonably believe that Lane had left the bar, *driven his car* into this new position *while drunk*, and then stopped—leaving the car running and the wipers wiping—while he passed out slumped against the steering wheel.

By the time Christopher asked Lane to take an alcohol breath test, he had confirmed that Lane had been drinking alcohol and that he appeared to still be intoxicated. Christopher also determined that Lane's car was improperly parked in a parking lot and the car engine was running. These facts along with the circumstances surrounding the incident would lead a reasonable person—just as they led Christopher— to believe that Lane had driven his car while he was under the influence of alcohol.

Lane makes another argument based on the officer's failure to check a box on a form. On this form, known as the DC-27 form, the officer can check a box saying that the driver had operated a vehicle while drunk, another box saying that the driver had attempted to operate a vehicle while drunk, or both. Christopher checked only the box saying Lane had operated a vehicle while drunk, so Lane argues that the Department of Revenue is precluded from arguing on appeal that Lane had merely attempted to operate the vehicle while drunk.

We needn't consider this argument because—even if it were a good one—we've already agreed with the district court that Christopher had reasonable grounds to believe

that Lane had operated the vehicle while drunk. Even if we were to consider the argument, though, we note that the Kansas Supreme Court "ha[s] never held that failure to properly check the boxes on the DC-27 form . . . mandates suppression [of the form]." *State v. Baker*, 269 Kan. 383, 386, 2 P.3d 786 (2000); see *Pfeifer v. Kansas Dept. of Revenue*, 52 Kan. App. 2d 591, 594, 370 P.3d 1200 (2016). Instead, the court has said that even if the form includes technical errors like not checking a particular box, the State can still prove reasonable grounds for requesting a breath test "through the use of the completed DC-27 form, through competent testimony, or through a combination of the two." *Baker*, 269 Kan. at 388.

We also note that the Department of Revenue filed a cross-appeal, alleging that "[t]he district court erred in permitting Lane to testify to matters occurring outside the officer's presence" because it was "legally irrelevant to the officer's reasonable grounds." We need not consider that issue, however, because we have already ruled in the Department's favor. The error would have been a harmless one, in any case, because the district court properly ruled in the Department's favor notwithstanding the introduction of this challenged evidence. See K.S.A. 2017 Supp. 60-261.

We affirm the district court's judgment.

8